LAWRENCE G. WASDEN
ATTORNEY GENERAL

STEVEN L. OLSEN, ISB #3586
DAYTON P. REED, ISB #10775
W. SCOTT ZANZIG, ISB #9361
Deputy Attorneys General
954 W Jefferson, 2nd Floor
P. O. Box 83720
Boise, ID  83720-0010
Telephone:     (208) 334-2400
Facsimile:      (208) 854-8073
steven.olsen@ag.idaho.gov
dayton.reed@ag.idaho.gov
scott.zanzig@ag.idaho.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDSAY HECOX, and JANE DOE with her next friends JEAN DOE and JOHN DOE, <br><br>            Plaintiffs, <br><br>    v. <br><br> BRADLEY LITTLE, in his official capacity as Governor of the State of Idaho, *et al.*, <br><br>            Defendants. | Case No. 1:20-cv-00184-DCN <br><br> **RESPONSE TO MOTION TO INTERVENE (Dkt. 30) AND MOTION FOR LEAVE TO FILE CONDITIONAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (Dkt. 42)** |

The Court should grant the Motion to Intervene (Dkt. 30) filed by Idaho State University female athletes Madison Kenyon and Mary Marshall.  The Court also should grant the intervenors' Motion for Leave to File Conditional Memorandum in Response to Plaintiffs' Motion for Preliminary Injunction (Dkt. 42).

RESPONSE TO MOTION TO INTERVENE (Dkt. 30) AND MOTION FOR LEAVE TO FILE CONDITIONAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (Dkt. 42) - 1

Plaintiffs are seeking preliminary and permanent injunctive relief against implementation of House Bill 500.  "A plaintiff seeking a preliminary injunction must establish," among other things, "that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "[I]njunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.* at 22.

> A preliminary injunction is an extraordinary remedy never awarded as of right.  In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.  In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction.

*Id*. at 24 (internal citations and punctuation omitted).

Plaintiffs want the Court to focus solely on the potential harms they claim they might suffer from HB 500, and silence opposing voices.  *See* Dkt. 43 (opposing intervenors' request to file a conditional memorandum).  But the Court can best "pay particular regard for the public consequences" of the injunction Plaintiffs seek by listening to all who might be affected by HB 500's implementation or nullification.  The intervenors have noted the past harms they have suffered in the absence of HB 500's protections.  *See* Dkts. 30-2, ¶¶ 10, 12, 20, 25; Dkt. 30-3, ¶¶ 19-20.  Their perspectives can help inform the Court when it balances hardships and determines the public consequences of the relief Plaintiffs seek.

Justice will be best served if the Court considers all points of view, not just the Plaintiffs'.

Dated this 8th day of June, 2020.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


By:   _/s/  W. Scott Zanzig_
       W. Scott Zanzig
       Deputy Attorney General


RESPONSE TO MOTION TO INTERVENE (Dkt. 30) AND MOTION FOR LEAVE TO FILE
CONDITIONAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION (Dkt. 42) - 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Richard Eppink
AMERICAN CIVIL LIBERTIES UNION
OF IDAHO FOUNDATION
REppink@acluidaho.org

Gabriel Arkles
James Esseks
Chase Strangio
AMERICAN CIVIL LIBERTIES FOUNDATION
garkles@aclu.org
jesseks@aclu.org
cstrangio@aclu.org

Kathleen Hartnett
Elizabeth Prelogar
Andrew Barr
COOLEY LLP
khartnett@cooley.com
eprelogar@cooley.com
abarr@cooley.com

Catherine West
LEGAL VOICE
cwest@legalvoice.org

*Attorneys for Plaintiffs*

Matthew K. Wilde
BOISE STATE UNIVERSITY
OFFICE OF GENERAL COUNSEL
mattwilde@boisestae.edu

*Attorney for Defendants Boise State University and Marlene Tromp*

Bruce D. Skaug
Raul R. Labrador
bruce@skauglaw.com
raul@skauglaw.com

Roger G. Brooks
Jeffrey A. Shafer
ALLIANCE DEFENDING FREEDOM
rbrooks@ADFlegal.org
jshafer@ADFlegal.org

Kristen K. Waggoner
Parker Douglas
Christiana M. Holcomb
ALLIANCE DEFENDING FREEDOM
kwaggoner@ADFlegal.org
pdouglas@ADFlegal.org
cholcomb@ADFlegal.org

*Attorneys for Proposed Intervenors*


_/s/  W. Scott Zanzig_____
W. Scott Zanzig
Deputy Attorney General

RESPONSE TO MOTION TO INTERVENE (Dkt. 30) AND MOTION FOR LEAVE TO FILE CONDITIONAL MEMORANDUM IN RESPONSE TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (Dkt. 42) - 3