UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDSAY HECOX, et al.,<br><br>              Plaintiffs,<br><br>v.<br><br>BRADLEY LITTLE, et al.,<br><br>              Defendants. | No. 1:20-cv-00184-DCN<br><br>**ORDER ON PLAINTIFFS' MOTION FOR MINOR AND HER NEXT FRIENDS TO PROCEED UNDER PSEUDONYMS (DKT. 9)** |

This matter came before the Court on a motion by Plaintiffs Jean Doe and John Doe on behalf of their minor daughter Jane Doe (collectively, "Doe Plaintiffs") for permission to proceed under pseudonyms (Dkt. 9). Defendants have filed a notice of non-opposition to Plaintiffs' Motion (Dkt. 21). The Court hereby finds Jane Doe and her parents Jean Doe and John Doe have met the factors for proceeding under pseudonyms.

First, Jane Doe is entitled to "heightened protection" as a minor, *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004), and safeguarding the identities of Jane Doe and her parents John Doe and Dean Doe is warranted in light of Jane Doe's minor status. *Id.*; *see also Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Second, the Ninth Circuit and other courts have also "permitted plaintiffs to use pseudonyms . . . when identification creates a risk of retaliatory physical or mental harm" and "the need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068-69 (9th Cir. 2000). Under *Advanced*

ORDER - 1

*Textile*, the Doe Plaintiffs may proceed under pseudonyms because:

1. The potential harm the Doe Plaintiffs face in having their identities tied to this litigation, whether physical, emotional, psychological, or legal, is severe;

2. The Doe Plaintiffs' fear of such harm is reasonable;

3. The Doe Plaintiffs' association with transgender rights renders them vulnerable to the harm in question;

4. Defendants would suffer no real prejudice in having the Doe Plaintiffs proceed under pseudonyms as Defendants would not otherwise be prevented from defending against the substance of the claims brought against them;

5. To the extent Defendants would arguably suffer prejudice, that prejudice could be mitigated;

6. The public's access to this case will not be limited apart from its ability to ascertain the exact identity of the Doe Plaintiffs, and the public has no legitimate interest in the same.

## I.  ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Doe Plaintiffs have established good cause for proceeding under pseudonyms and their Motion to Proceed Under Pseudonyms (Dkt. 9) is **GRANTED;**

2. In all publicly-filed documents, Jane Doe shall only be identified as Jane Doe, Jean Doe shall only be identified as Jean Doe, and John Doe shall only be identified as John Doe;

3. All documents filed with this Court that contain the full name of Plaintiff Jane Doe or contain information that identifies her, directly or indirectly, shall be filed under seal;

4. Upon request, Jane Doe, Jean Doe, and John Doe will disclose their identity to counsel for Defendants;

5. Counsel for Defendants may disclose Jane Doe's, Jean Doe's, and John Doe's identity to the Defendants, their agents, and to any experts retained in this case, but only to the minimum extent necessary to litigate this action;

6. Every individual to whom disclosure of Jane Doe's, Jean Doe's, and John Doe's identity is made shall read and be bound by this Order;

7. Counsel for Defendants shall ensure that persons to whom disclosure is made under paragraphs 11 and 12 above are aware of this Order; and

8. Under no other circumstances shall any party or any other person intentionally disclose Jane Doe's, Jean Doe's, and John Doe's identity without their counsel's written consent.

DATED: June 12, 2020

David C. Nye
Chief U.S. District Court Judge

ORDER - 3