FILED

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDSAY HECOX; JANE DOE, with her next friends Jean Doe and John Doe, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> BRADLEY LITTLE, in his official capacity as Governor of the State of Idaho; et al., <br><br> Defendants-Appellants, <br><br> and <br><br> MADISON KENYON; MARY MARSHALL, <br><br> Intervenors. | No. 20-35813 <br><br> D.C. No. 1:20-cv-00184-DCN <br> District of Idaho, <br> Boise <br><br> ORDER |
| LINDSAY HECOX; JANE DOE, with her next friends Jean Doe and John Doe, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> BRADLEY LITTLE, in his official capacity as Governor of the State of Idaho; et al., <br><br> Defendants, <br><br> and <br><br> MADISON KENYON; MARY | No. 20-35815 <br><br> D.C. No. 1:20-cv-00184-DCN |

| MARSHALL, |
| --- |
| Intervenors-Appellants. |

Before: KLEINFELD, WARDLAW, and GOULD, Circuit Judges.

This case is remanded to the district court for the limited purpose of determining whether Lindsay Hecox's claim is moot in light of her changed enrollment status at Boise State University (BSU).[1]

We cannot maintain jurisdiction over a case "where no actual or live controversy exists." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (citation omitted). However, because "[i]t is no small matter to deprive a litigant of the rewards of its efforts," we dismiss a case for mootness "only if it [is] *absolutely clear* that the litigant no longer ha[s] any need of the judicial protection" sought. *United States v. Larson*, 302 F.3d 1016, 1020 (9th Cir. 2002) (emphasis added) (quoting *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 224 (2000) (per curiam)). Hecox is not currently enrolled at BSU, but declared she plans to re-enroll in January 2022, after achieving in-state residency. Whether an actual case or controversy remains in these circumstances is a close question. *Compare*

---

[1] The parties agree that Jane Doe's claim is now moot because she graduated from high school and is planning to attend college out of state. *See, e.g.*, *Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975) (case moot where all plaintiffs had graduated); *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797–99 (9th Cir. 1999) (same).

2

*Jacobs*, 420 U.S. 128, 129 (case moot where students graduated) *and Fox v. Bd. of Trustees of State Univ. of New York*, 42 F.3d 135, 137, 142–43 (2d Cir. 1994) (case moot where students no longer attending and could not show they were actually planning or able to return) *with Clark v. City of Lakewood*, 259 F.3d 996, 1006, 1011–12 (9th Cir. 2001), *as amended* (Aug. 15, 2001) (case not moot even where business was not currently operating, because of expressed intent to re-start operation in the future).

The post-argument briefing and declarations by the parties on the question of mootness failed to resolve the issue, and served only to raise further questions. There are currently too many open factual questions to determine "cautiously and with care," *Larson*, 302 F.3d at 1020, whether we can grant Hecox "any effectual relief whatever," *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (citation omitted). In particular, it is essential to know whether Hecox would be eligible to play for BSU if she re-enrolled and made the team. In a May 12, 2021, declaration, Hecox asserted, without explanation or support, that she remains eligible to play under NCAA rules. The Defendants argue, based on their interpretation of the NCAA rules, that Hecox is not eligible because she did not take enough credits in her first two years at BSU. Neither side provided evidence regarding how the NCAA rules apply in Hecox's specific situation. For instance, does the fact that she withdrew from classes before the deadline to drop classes

3

impact her status for NCAA eligibility purposes?  Has the NCAA created any COVID-related exceptions to its requirements that apply to Hecox?  It would be best to hear from a school administrator, NCAA representative, or other authority on NCAA eligibility.

The mootness analysis would also be aided by more information regarding the BSU re-enrollment process, the steps Hecox has taken toward re-enrollment, and the availability of BSU women's sports outside of NCAA teams.  Is Hecox still an admitted student who can re-enroll at BSU whenever she desires, or are there barriers to re-enrollment?  Does she have evidence of savings, discussions with administrators, or anything else that shows a concrete plan to re-enroll?  That Hecox dropped out of BSU within a week of not making the track or cross-country teams is also troubling.  It would be useful to know what the Fall 2020 deadline for dropping classes was, and the penalty for dropping out after that deadline.  And if Hecox is not eligible to play on the NCAA teams or does not make those teams, are there BSU women's club teams that she plans to join instead?

We are not well positioned to answer these questions, or any other issues of fact regarding Hecox's enrollment status or NCAA eligibility.  We remand so that the district court can develop the record, resolve any factual disputes, and apply the required caution and care to the initial mootness determination.  *See Larson*, 302 F.3d at 1020.

5

This court otherwise retains jurisdiction over this appeal. Submission of this case is vacated, and further proceedings are held in abeyance pending the district court's decision on the remanded issue. The parties shall advise this court within seven (7) days of the district court's decision. *See* FRAP 12.1(b).

**IT IS SO ORDERED.**