RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

BRIAN V. CHURCH, ISB #9391
Lead Deputy Attorney General
Office of the Attorney General
P. O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDSAY HECOX, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRADLEY, LITTLE, et al., <br><br> Defendants, <br><br> and <br><br> MADISON KENYON and MARY MARSHALL, <br><br> Intervenors. | Case No. 1:20-cv-00184-DCN <br><br> **STIPULATION TO DISMISS JANE DOE'S CLAIMS, TO DISMISS BOISE SCHOOL DISTRICT DEFENDANTS, TO DISMISS INTERVENORS, TO MODIFY PRELIMINARY INJUNCTION, AND TO STAY PROCEEDINGS** |

**PERTINENT BACKGROUND**

1. In April 2020, Plaintiffs Lindsay Hecox and Jane Doe, with her next friends Jean Doe and John Doe, (collectively, "Plaintiffs") filed a Complaint for Declaratory and Injunctive Relief against nine defendants or categories of defendants: Bradley Little, in his official capacity as Governor of the State of Idaho; Sherri Ybarra (now Debbie Critchfield),[1] in her official capacity as the Superintendent of Public Instruction and a member of the Idaho State Board of Education; the Individual Members of the State Board of Education, in their official capacities; Boise State University, Marlene Tromp, in her official capacity as President of Boise State University; the Independent School District of Boise City #1, Coby Dennis (now Lisa Roberts), in his official capacity as the Superintendent the Independent School District of Boise City #1; the Individual Members Board of Trustees of Independent School District of Boise City #1, and the Individual Members of the Idaho Code Commission, in their official capacities (collectively, "Defendants"). *See* Dkt. 1.

2. Count I of the Complaint for Declaratory and Injunctive Relief was captioned "Deprivation of Equal Protection U.S. Const. Amend. XIV" and noted it was brought by Plaintiff Hecox against "Defendant Little, State Board of Education Defendants, and Defendant Tromp." *Id.* at 43.

3. In April 2020, Plaintiffs moved the Court to issue a preliminary injunction "on the grounds that the bill violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution." *See* Dkt. 22. Plaintiffs requested an injunction:

---

[1] *See* Fed. R. Civ. P. 25(d).

STIPULATION TO DISMISS JANE DOE'S CLAIMS, TO DISMISS BOISE SCHOOL DISTRICT DEFENDANTS, TO DISMISS INTERVENORS, TO MODIFY PRELIMINARY INJUNCTION, AND TO STAY PROCEEDINGS – 1

prohibiting the defendants, as well as their officers, agents, employees, attorneys, and any person who is in active concert or participation with them, from enforcing any of the provisions of House Bill 500, as passed by the Sixty-fifth Idaho Legislature in its Second Regular Session and enacted on March 30, 2020. The bill is to be codified as Idaho Code §§ 33-6201 through 33-6206 and is also found at 2020 Idaho Session Laws ch. 333.

4. In August 2020, the Court issued a Memorandum Decision and Order granting Plaintiffs' Motion for Preliminary Injunction. *See* Dkt. 63 at 87.

5. In the same order, the Court granted a motion to intervene by Madison Kenyon and Mary Marshall (collectively, "Intervenors"). *See* Dkt. 63 at 87; *see also* Dkt. 30.

6. Defendants and Intervenors each filed a notice of appeal to the Ninth Circuit Court of Appeals. Dkts. 64–65; *see also* Dkt. 67 (consolidating appeals).

7. In June 2021, the Ninth Circuit Court of Appeals issued an order that remanded the case to the district court "for the limited purpose of determining whether Lindsay Hecox's claim is moot in light of her changed enrollment status at Boise State University." Dkt. 79 at 2. Footnote 1 of that order provided:

> The parties agree that Jane Doe's claim is now moot because she graduated from high school and is planning to attend college out of state. *See, e.g.*, *Bd. of Sch. Comm'rs of City of Indianapolis v. Jacobs*, 420 U.S. 128, 129 (1975) (case moot where all plaintiffs had graduated); *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 797–99 (9th Cir. 1999) (same).

8. While this case was on remand to this Court, the parties filed a Stipulation to Dismiss Boise School District Defendants. *See* Dkt. 104. Paragraph 4 of that stipulation provided:

> Accordingly, all claims in this case against the Independent School District of Boise City #1, Coby Dennis, and members of the Independent School District of Boise City #1 should be dismissed without prejudice, and the Court's entry of preliminary injunctive relief against these defendants should be vacated. The

parties stipulate only to vacatur of the entry of preliminary injunctive relief against these defendants; the present stipulation does not extend to or request vacatur of the Court's Memorandum Decision.

Paragraph 6 of that stipulation provided:

> The parties agree to defer motions practice for attorneys' fees concerning the Independent School District of Boise #1, Coby Dennis, and members of the Independent School District of Boise City #1 until final judgment concerning all claims and all Defendants in this case is entered. Independent School District of Boise #1, Coby Dennis, and members of the Independent School District of Boise City #1 do not concede that the plaintiffs are entitled to an award of attorneys' fees by agreeing to defer motions practice for attorneys' fees.

9. In July 2022, the Court issued its Order on Mootness Issue. Dkt. 105.

Footnote 1 of that order provided:

> The Ninth Circuit noted that the parties have agreed Plaintiff Jane Doe's claim is now moot because she has graduated from high school and is attending college out of state. Dkt. 79 at 1 n. 1. While the remand issue was pending, the parties stipulated to the dismissal of the Defendants against whom solely Doe's claims were asserted. Dkt. 104. The parties agreed the stipulated dismissal should not extend to the Court's memorandum decision. *Id.* ¶ 4. However, the Ninth Circuit remanded to this Court solely to decide whether Plaintiff Lindsay Hecox's claim is moot. The Ninth Circuit did not itself dismiss Doe's claims (or direct this Court to do so) and also retained jurisdiction over Defendants and the Intervenors' appeal. As such, the Court finds dismissing all claims in this case against the Independent School District of Boise City #1, Coby Dennis, and members of the Independent School District of Boise City #1, would exceed the limited scope of the remand order, and declines to dismiss either the aforementioned Defendants, or Doe's claim, at this stage of the litigation.

10. In August 2023, the Ninth Circuit Court of Appeals issued an opinion affirming the district court's grant of a preliminary injunction. *See* Dkt. 118.

11. In April 2024, the Ninth Circuit Court of Appeals issued an order withdrawing its August 17, 2023 opinion. *See* Dkt. 121. The order provided:

> The opinions filed on August 17, 2023 (Dkt. No. 218), published at *Hecox v. Little*, 79 F.4th 1009 (9th Cir. 2023), are withdrawn in light of the Supreme

Court's decision in *Labrador v. Poe*, No. 23A763, slip op. (U.S. Apr. 15, 2024). An amended opinion will follow in due course.

12. Intervenors Madison Kenyon and Mary Marshall graduated from college in December 2023 and May 2024, respectively.

13. On June 7, 2024, the Ninth Circuit Court of Appeals issued an amended opinion. Dkt. 122. The amended opinion "affirmed the district court's order granting preliminary injunctive relief as applied to Lindsay, vacate[d] the injunction as applied to non-parties, and remand[ed] to the district court to address the scope and clarity of the injunction." Dkt. 122 at 57. The Ninth Circuit Court of Appeals expressed that "[b]efore deciding whether it can accord Lindsay complete relief without enjoining the Act in part or in whole as to all female student athletes in Idaho, the district court should consider the effect, if any, of the Supreme Court's decision in *Labrador v. Poe*, 144 S. Ct. 921 (2024)." Dkt. 122 at 54.

14. On July 8, 2024, the Ninth Circuit Court of Appeals issued a mandate. Dkt. 127.

15. On July 11, 2024, Defendants and Intervenors filed in the Supreme Court of the United States a Petition for Writ of Certiorari in *Little v. Hecox*, which has been assigned case number 24-38.

16. On August 2, 2024, this Court held an informal status conference, and issued the following docket entry order (Dkt. 131):

> On August 2, 2024, the Court held an informal video conference with counsel for the parties. During that conference, the Court discussed the Petition for Writ of Certiorari filed on July 11, 2024, whether the parties seek a stay of the instant proceedings in light of the Petition, the current school registration status of the parties, and the impact of *Labrador v. Poe*, 144 S. Ct. 921 (2024) on the Court's preliminary injunction. The parties appeared to agree to: (1) a stay of the instant proceedings pending the Supreme Court's decision on the Petition; (2) an order limiting this Court's preliminary injunction to Plaintiff Lindsay

Hecox during the stay; and (3) dismissing Plaintiff Jane Doe and Defendant Independent School District of Boise City # 1 from this action. Counsel for Intervenor Defendants also agreed to update the Court regarding the Intervenor Defendants' school registration status. Given this informal agreement, IT IS HEREBY ORDERED: On or before August 19, 2024, the parties shall file a Stipulation agreeing to stay this matter pending the Supreme Court Proceedings, as well as submit a Proposed Order outlining the parties to be dismissed and the appropriate language of the revised preliminary injunction pending the stay. In addition, on or before August 19, 2024, counsel for Intervenor Defendants shall file a Notice detailing the Intervenor Defendants' current school registration status. SO ORDERED. Signed by Judge David C. Nye. (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by (nt).

17.     Counsel for Intervenors have been retained to represent Sara Casebolt, a freshman member of the track team at the University of Idaho to defend the Fairness in Women's Sports Act.

## THE PARTIES' STIPULATION

Considering the foregoing background, Plaintiffs,[2] Defendants,[3] and Intervenors[4] (collectively, the "Parties") stipulate as follows:

1.     **Plaintiff Jane Doe.** The Parties agree that Plaintiff Jane Doe's claims are moot. The Parties stipulate:

   a. That the preliminary injunction, *see* Dkt. 63 at 87, should be vacated as to Plaintiff Jane Doe;

---

[2] Plaintiffs: Lindsay Hecox and Jane Doe, with her next friends Jean Doe and John Doe.
[3] Defendants: Governor Little, State Superintendent Critchfield, members of the State Board of Education, Boise State University, President Tromp, Independent School District of Boise City #1, Boise Superintendent Lisa Roberts, the members of the Board of Trustees of Independent School District of Boise City #1, and the members of the Idaho Code Commission.
[4] Intervenors: Madison Kenyon and Mary Marshall.

STIPULATION TO DISMISS JANE DOE'S CLAIMS, TO DISMISS BOISE SCHOOL DISTRICT DEFENDANTS, TO DISMISS INTERVENORS, TO MODIFY PRELIMINARY INJUNCTION, AND TO STAY PROCEEDINGS – 5

    b. That Plaintiff Jane Doe's claims against all Defendants should be dismissed as moot;

    c. That Plaintiff Jane Doe should be terminated from this case by the Clerk of the Court, and that the caption should reflect that the sole plaintiff is Lindsay Hecox as expressed in paragraph 7 below; *and*

    d. That the Court should enter an order in accordance with this stipulation: (i) vacating the preliminary injunction as to Plaintiff Jane Doe, (ii) dismissing Plaintiff Jane Doe's claims against all Defendants as moot, and (iii) directing the Clerk of the Court to terminate Plaintiff Jane Doe as a party to this case.

2. **Defendants Independent School District of Boise City #1, Superintendent Lisa Roberts, and the members of the Independent School District of Boise City #1:** The Parties agree that the Court should now consider the Stipulation to Dismiss Boise School District Defendants, Dkt. 104, and enter an order in accordance with paragraph 7 of the Stipulation to Dismiss Boise School District Defendants. The Parties further agree that the Court should direct the Clerk of the Court to terminate the Independent School District of Boise City #1, Boise Superintendent Lisa Roberts, and the members of the Board of Trustees of Independent School District of Boise City #1, as parties to this case. The Parties further agree that the Court should direct the Clerk of the Court to modify the caption, as expressed in paragraph 7 below.

3. **Intervenors Madison Kenyon and Mary Marshall.** The Parties agree that Intervenors Madison Kenyon and Mary Marshall should be dismissed from this action in light of their graduation from college. The Parties disagree about the timing of briefing on an

additional motion to intervene brought by a new proposed intervenor, and whether the stay of proceedings discussed below should also cover the forthcoming motion to intervene, which the Parties detail in paragraphs 5 and 6 below.

4. **Preliminary Injunction:** In light of *Labrador v. Poe*, 144 S. Ct. 921 (2024), and in recognition of the agreement reflected in paragraph 1 of this stipulation the Parties stipulate:

   a. That a significant change in facts or law warrants revision of the preliminary injunction. *See Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000) (citation omitted); *and*

   b. That the Court should enter an order modifying the preliminary injunction to provide:

[1] As to Plaintiff Lindsay Hecox, and only as to Plaintiff Lindsay Hecox; [2] Defendants Governor Little, the Individual Members of the State Board of Education, and Boise State University President Tromp; [3] as well as their officers, agents, employees, attorneys, and any person who is in active concert or participation with them; [4] are preliminarily enjoined from enforcing the Fairness in Women's Sports Act, Idaho Code §§ 33-6201 through 33-6206, H.B. 500 (2020); [5] and this preliminary injunction shall remain in effect until this Court issues an order modifying or dissolving it, or until entry of a final judgment in this case as to Defendants Governor Little, the Individual Members of the State Board of Education, and Boise State University President Tromp, *but* not later than entry of a final judgment in this case as to Defendants Governor Little, the Individual Members of the State Board of Education, and Boise State University President Tromp.

5. **Stay of Proceedings:** Given Defendants' and Intervenors' filing of a petition for writ of certiorari in the Supreme Court of the United States, in *Little v. Hecox*, No. 24-38, the Parties stipulate:

   a. That a stay of proceedings is warranted in this case until the Supreme Court of the United States finally disposes of the petition for a writ of certiorari in

*Little v. Hecox*, No. 24-38, and issues a judgment, and if applicable, the Ninth Circuit issues its mandate in Appeal Nos. 20-35813 and 20-35815. *See Landis v. N. Am. Co.*, 299 U.S. 248 (1936); *CMAX, Inc. v. Hall*, 300 F.3d 265 (9th Cir. 1962); *see also In re: PG&E Corp. Sec. Lit.*, 100 F.4th 1076, 1085 n.9 (9th Cir. 2024);

b. That the Parties are unable to agree as to whether any such stay of proceedings should preclude the district court from addressing any forthcoming motion to intervene, as further outlined in paragraph 6; *and*

c. That the Court should exercise its discretion and enter an order staying proceedings in this case until the Supreme Court of the United States finally disposes of the petition for a writ of certiorari in *Little v. Hecox*, No. 24-38, and issues a judgment, and if applicable, the Ninth Circuit issues its mandate in Appeal Nos. 20-35813 and 20-35815.

6. **Briefing on Motion to Intervene:** The parties disagree as to the timing of briefing an additional motion to intervene brought by a new proposed intervenor and state their respective positions as follows:

a. **Plaintiff's Position:** Plaintiff respectfully submits that the stay of district court proceedings should include any additional motion to intervene brought by a new intervenor, and thus that no new intervention motion should be filed or heard until the stay is lifted. Alternatively, Plaintiff respectfully submits that if the Court permits a new motion to intervene to be filed now, that Plaintiff not be required to respond until 30 days after the

stay is lifted, and the Court not resolve that motion until after the stay is lifted. Plaintiff takes this position because there will be no activity in the district court while this matter is before the Supreme Court, and the Supreme Court proceedings do not involve the new proposed intervenor. It will promote economy and efficiency, both for the Parties and the Court, for any briefing regarding a new proposed intervenor to occur only after the stay is lifted, including so that the Court has the most recent available information to resolve such a motion once litigation resumes. The new proposed intervenor will suffer no prejudice from the delay because nothing will happen in this Court while the stay is in place. Plaintiff proposed this approach to Defendants and Intervenors and also agreed not to argue untimeliness in opposition to an intervention motion filed after the stay is lifted. In short, allowing a motion to intervene to be fully briefed and decided at this time would unnecessarily burden the Parties and the Court while not materially helping the new proposed intervenor in any way.

b. **Defendants' Position:** Defendants agree with Intervenors and Counsel for Proposed Intervenor that the stay of proceedings should not cover the forthcoming motion to intervene, that the motion to intervene should be briefed in the ordinary course and under the time limitations set forth in District Local Civil Rule 7.1, and that the Court should rule on the matter in the ordinary course. The intervention motion would not go to the merits

of the case or the preliminary injunction, which are the subject of the petition for a writ of certiorari in *Little v. Hecox*.

    c. **Intervenors' and Counsel for Proposed Intervenor's Position:** Intervenors and their counsel propose that an additional motion to intervene may be filed on behalf of Ms. Casebolt notwithstanding the proposed stay, particularly since timeliness is a requirement of intervention under Rule 24. Since that motion will be filed, there is no reason it should not be briefed and submitted for decision in the ordinary course as provided by the Local Rules. Briefing the motion to intervene will not conflict with the stay of proceedings, since it will not require any discovery or any other potentially wasteful use of resources during the period of stay. In addition, Ms. Casebolt's entitlement to intervention is well supported. She is a freshman runner on the University of Idaho track team who in her high school career already lost to a male athlete who identifies as female. She thus has a substantial interest in defending the Fairness in Women's Sports Act.

7. **Modification of Caption:** In light of the above stipulations, the parties stipulate that the Court should direct the Clerk of the Court to update the caption of this proceeding as follows:

LINDSAY HECOX,

       Plaintiff,

v.

BRADLEY LITTLE, in his official capacity as Governor of the State of Idaho; DEBBIE CRITCHFIELD, in her official capacity as the Superintendent of Public Instruction of the State of Idaho and as a member of the Idaho State Board of Education; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF EDUCATION, in their official capacities; BOISE STATE UNIVERSITY; MARLENE TROMP, in her official capacity as President of Boise State University; and THE INDIVIDUAL MEMBERS OF THE IDAHO CODE COMMISSION, in their official capacities,

       Defendants.

(Stipulation continued on the next page)

SO STIPULATED AND DATED: August 21, 2024

| For Plaintiffs<br>COOLEY LLP<br><br>By: /s/ *Kathleen Hartnett*<br>     KATHLEEN HARTNETT<br><br>AMERICAN CIVIL LIBERTIES UNION OF IDAHO FOUNDATION<br><br>By: /s/ *Emily Croston*<br>     EMILY CROSTON<br><br>*Attorneys for Plaintiffs* | For Defendants<br>STATE OF IDAHO<br>OFFICE OF THE ATTORNEY GENERAL<br><br>By: /s/ *Brian V. Church*<br>     BRIAN V. CHURCH<br>     Lead Deputy Attorney General<br><br>*Attorney for Defendants* |
|---|---|
| For Intervenors<br><br>ALLIANCE DEFENDING FREEDOM<br><br>By: /s/ *Lincoln Davis Wilson*<br>     LINCOLN DAVIS WILSON<br><br>*Attorney for Intervenors and Proposed Intervenor* | |

# CERTIFICATE OF SERVICE

I Hereby Certify that on August 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

| | |
|---|---|
| Kathleen Hartnett<br>khartnett@cooley.com | Lincoln Davis Wilson<br>lwilson@adflegal.org |
| James Esseks<br>jesseks@aclu.org | Christiana M. Kiefer<br>ckiefer@adflegal.org |
| Andrew Barr<br>abarr@cooley.com | Kristen K. Waggoner<br>kwaggoner@adflegal.org |
| Chase Strangio<br>cstrangio@aclu.org | Roger G. Brooks<br>rbrooks@adflegal.org |
| Dina M. Flores-Brewer<br>dfloresbrewer@acluidaho.org | |
| Elizabeth Reinhardt<br>ereinhardt@cooley.com | |
| Katelyn Kang<br>kkang@cooley.com | |
| Kelly O'Neil<br>koneil@legalvoice.org | |
| Paul Carlos Southwick<br>psouthwick@acluidaho.org | |
| Selim Aryn Star<br>Service.starlawoffice@gmail.com | |
| *Attorneys for Plaintiffs* | *Attorneys for Intervenors* |

                                                       /s/ *Brian V. Church*
                                                   Brian V. Church