UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDSAY HECOX, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BRADLEY, LITTLE, et al.,<br><br>    Defendants,<br><br>and<br><br>MADISON KENYON and MARY MARSHALL,<br><br>    Intervenors. | Case No. 1:20-cv-00184-DCN<br><br>**ORDER RE: JANE DOE, BOISE SCHOOL DISTRICT DEFENDANTS, INTERVENORS, PRELIMINARY INJUNCTION, STAY OF PROCEEDINGS AND CAPTION** |

Before the Court is Plaintiffs, Defendants, and Intervenors' (collectively, the "Parties") Stipulation to Dismiss Jane Doe's Claims, to Dismiss Boise School District Defendants, to Dismiss Intervenors, to Modify Preliminary Injunction, and to Stay Proceedings ("Stipulation"). Dkt. 135. Having considered the Parties' Stipulation (Dkt. 135), the Court enters the following order:

    1.    The Stipulation (Dkt. 135) is **GRANTED.**

    2.    As to Plaintiff Jane Doe:

        a.  The preliminary injunction, with respect to Plaintiff Jane Doe (Dkt. 63 at 87) is **VACATED**;

        b.  The Court agrees with the Parties that Plaintiff's Jane Doe's claims are **MOOT**;

ORDER -1

    c. The Court, therefore, **DISMISSES** Plaintiff Jane Doe's claims against all Defendants as **MOOT**;

    d. The Court **DIRECTS** the Clerk of the Court to terminate Plaintiff Jane Doe as a party to this case; *and*

    e. The Court **FURTHER DIRECTS** the Clerk of the Court to update the caption of this proceeding, as set forth below, to account for Plaintiff Jane Doe's dismissal from this case.

3. As to Defendants Independent School District of Boise City #1, Superintendent Lisa Roberts, and the members of the Independent School District of Boise City #1 (collectively, the "Boise School District Defendants"):

    a. The Stipulation to Dismiss Boise School District Defendants (Dkt. 104) is **GRANTED.**

    b. The preliminary injunction, with respect to the Boise School District Defendants (Dkt. 63 at 87) is **VACATED**;

    c. The Court accepts the Parties' Stipulation to dismiss **without prejudice** all claims against the Boise School District Defendants;

    d. The Court, therefore, **DISMISSES** all claims against Defendants Independent School District of Boise City #1, Superintendent Lisa Roberts, and the members of the Independent School District of Boise City #1;

    e. The Court **STAYS** the deadline for Plaintiff(s) to file a motion for attorney fees and costs regarding the Boise School District Defendants

ORDER -2

       until final judgment concerning all claims and all Defendants has been entered;

    f. The Court **DIRECTS** the Clerk of the Court to terminate as parties to this case Defendants Independent School District of Boise City #1, Superintendent Lisa Roberts, and the members of the Independent School District of Boise City #1; *and*

    g. The Court **FURTHER DIRECTS** the Clerk of the Court to update the caption of this proceeding, as set forth below, to account for the Boise School District Defendants' dismissal from this case.

4. As to Intervenors Madison Kenyon and Mary Marshall ("Intervenors"):

    a. The Court accepts the Parties' Stipulation to dismiss Intervenors from this action;

    b. The Court, therefore, **DISMISSES** Intervenors from this action **without prejudice**;

    c. The Court **DIRECTS** the Clerk of the Court to terminate as parties to this case Madison Kenyon and Mary Marshall;

    d. The Court **FURTHER DIRECTS** the Clerk of the Court to update the caption of this proceeding, as set forth below, to account for the Intervenors' dismissal from this case.

5. As to the preliminary injunction, which was previously ordered (Dkt. 63 at 87) the Parties' stipulated request to modify the preliminary injunction, consistent with *Labrador v. Poe*, 144 S. Ct. 921 (2024), is **GRANTED**. *See Sharp v. Weston*, 233 F.3d

ORDER -3

1166, 1170 (9th Cir. 2000). The Court will enter a separate order with the modified preliminary injunction.

6. The Court **GRANTS** the Parties' request for a stay of proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248 (1936); *CMAX, Inc. v. Hall*, 300 F.3d 265 (9th Cir. 1962); *see also In re: PG&E Corp. Sec. Lit.*, 100 F.4th 1076, 1085 n.9 (9th Cir. 2024). Following entry of the Court's Order Modifying Preliminary Injunction, the proceedings in this case are **STAYED** until the United States Supreme Court finally disposes of the petition for a writ of certiorari in *Little v. Hecox*, No. 24-38, and issues a judgment, and if applicable, the Ninth Circuit issues its Mandate in Appeal Nos. 20-35813 and 20-35815.

7. The Court **DIRECTS** that any new motion to intervene shall be filed 21 days after the stay is lifted, and that responses to any motion to intervene shall be due 30 days after any motion to intervene is filed. Given the stay of proceedings, any new motion to intervene filed within the aforementioned timeframe shall be considered timely under Federal Rule of Civil Procedure 24.

8. The Court **DIRECTS** the parties to confer and then timely notify the Court when the stay should be lifted.

9. The Clerk of the Court is **DIRECTED** to update the caption of this proceeding as follows:

| LINDSAY HECOX, |
| --- |
|      Plaintiff, |
| v. |

ORDER - 4

BRADLEY LITTLE, in his official capacity as Governor of the State of Idaho; DEBBIE CRITCHFIELD, in her official capacity as the Superintendent of Public Instruction of the State of Idaho and as a member of the Idaho State Board of Education; THE INDIVIDUAL MEMBERS OF THE STATE BOARD OF EDUCATION, in their official capacities; BOISE STATE UNIVERSITY; MARLENE TROMP, in her official capacity as President of Boise State University; and THE INDIVIDUAL MEMBERS OF THE IDAHO CODE COMMISSION, in their official capacities,

        Defendants.

**SO ORDERED.**

DATED: August 22, 2024

_____
David C. Nye
Chief U.S. District Court Judge

ORDER - 5