RAÚL R. LABRADOR
ATTORNEY GENERAL

ALAN M. HURST, ISB #12425
Solicitor General
JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense
BRIAN CHURCH, ISB #6528
Deputy Attorney General

Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
alan.hurst@ag.idaho.gov
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov

JOHN J. BURSCH (pro hac vice pending)
LINCOLN DAVIS WILSON, ISB #11860
Special Deputy Attorneys General
Alliance Defending Freedom
440 First Street, NW, Suite 600
Washington, DC 20001
jbursch@adflegal.org
lwilson@adflegal.org

CHRISTOPHER P. SCHANDEVEL (pro hac vice pending)
Alliance Defending Freedom
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
cschandevel@ADFlegal.org

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| LINDSAY HECOX, <br><br> Plaintiff, <br><br> v. <br><br> BRADLEY LITTLE, et al., <br><br> Defendants. | Case No. 1:20-cv-000184-DCN <br><br> Hon. David C. Nye <br><br> **DEFENDANTS' MOTION TO STRIKE PURPORTED NOTICE OF DISMISSAL** |

Idaho respectfully moves the Court to strike Plaintiff Hecox's purported notice of dismissal due to Hecox's failure to comply with the Court's order staying this case.

## INTRODUCTION

The Court stayed these proceedings based on the parties' agreement and ordered them to confer before asking the Court to lift the stay following resolution of Idaho's petition for certiorari. Now, without conferring with Idaho or asking the Court to lift the stay, Hecox attempts unilaterally to terminate the case through a voluntary dismissal with the goal of avoiding Supreme Court review. The same day the dismissal was filed in this case, Hecox filed a suggestion of mootness in the Supreme Court and asked it to dismiss Idaho's cert petition.

The law does not permit this unilateral dismissal. Hecox waived those rights by agreeing to the stay and is estopped from denying them now. Plus, in the past two Terms, the Supreme Court has unanimously held that (1) a stay of proceedings does not permit dismissal of a case and (2) a Rule 41 dismissal is a "proceeding" that district courts have the power to stay. And the Third Circuit has expressly held that a voluntary dismissal under Rule 41 filed during a court-ordered stay is a nullity.

The Court should therefore strike Hecox's purported notice of voluntary dismissal as void. Having succeeded in persuading this Court to stay all proceedings until the U.S. Supreme Court resolves Idaho's cert petition, Hecox is barred from pulling the rug out from under the Supreme Court and Idaho in a transparent attempt to prevent the Supreme Court from issuing an unfavorable ruling. This Court's stipulated stay order and the relevant case law foreclose that result.

## BACKGROUND

A little more than a year ago, the parties voluntarily agreed to stay this case pending final disposition of Idaho's petition for certiorari from the Ninth Circuit's preliminary-injunction ruling. The parties disagreed only on one thing: whether that stay should foreclose *all* activity in the district court or whether it should allow a new filing by a proposed intervenor. Dkt.135 at 8–10.

Idaho and counsel for the proposed intervenor sought a stay that would accommodate that new filing. But Hecox sought instead a complete "stay of district court proceedings." *Id.* at 8. Hecox argued that "no new intervention motion should be filed or heard until the stay is lifted" because "there will be *no* activity in the district court while this matter is before the Supreme Court." *Id.* at 8–9 (emphasis added). And Hecox insisted that the proposed intervenor would not be prejudiced because "*nothing will happen* in this Court while the stay is in place." *Id.* at 9 (emphasis added).

The Court sided with Hecox on this issue, not Idaho. It ruled that "the proceedings in this case are **STAYED** until the United States Supreme Court finally disposes of the petition for a writ of certiorari in *Little v. Hecox*, No. 24-38, and issues a judgment, and if applicable, the Ninth Circuit issues its Mandate in Appeal Nos. 20-35813 and 20-35815." Dkt.137 at 4. The Court authorized no exceptions to its stay and postponed the filing of any new motion to intervene until 21 days after the stay was lifted. *Id.* And the Court "**DIRECT[ED]** the parties to confer and then timely notify the Court when the stay should be lifted." *Id.*

After the Supreme Court granted certiorari, Hecox participated in those proceedings consistent with the parties' stipulation and the Court's order. More than a month ago, Hecox agreed to a schedule for the merits briefing in the Supreme Court. *See* Motion for Extension of Time, *Little v. Hecox*, No. 24-38 (U.S. July 22, 2025). And Hecox worked with Idaho to determine the contents of the parties' joint appendix. Briefing continued apace.

But while Idaho was preparing its opening merits brief, Hecox changed course and broke those prior commitments to Idaho and to this Court. On September 2, 2025, with no advance notice—certainly with no conferral—and with ten days to go before Idaho's merits brief is due in the Supreme Court, Hecox filed in this Court a purported notice of voluntary dismissal under Rule 41. The next day, Hecox filed a Suggestion of Mootness brief in the Supreme Court, urging that Court to vacate the underlying decision and remand with instructions to dismiss the appeal as moot. *See* Suggestion of Mootness, *Little v. Hecox*, No. 24-38 (U.S. Sept. 2, 2025). It was not the first time Hecox's counsel had used Rule 41 in a gender identity case to avoid a court they found unfavorable. *See Boe v. Marshall*, 767 F. Supp. 3d 1226, 1239–46, 1256–57, 1264–70, 1279–80 (M.D. Ala. 2025) (reprimanding Hecox's attorneys, Kathleen Hartnett and James Esseks, for improperly dismissing a complaint to draw a different judge).

Critically, Hecox seeks to declare the Supreme Court proceedings moot based on the purported notice of dismissal filed with this Court, but does not argue that the case has otherwise become moot. As the Court is aware, Hecox aggressively opposed dismissing this case as moot more than two years ago, prevailing on that question

both before this Court and in the Ninth Circuit. *See* Dkt.105. Throughout this time, Hecox "has remained in college and has continued to find strength and comradery in sports." Suggestion of Mootness at 3. And Hecox "will not graduate until at least May of 2026." *Id.*

Even though Hecox claims to have experienced "negative public scrutiny from certain quarters because of this litigation," Hecox says that "playing women's sports is important" as a personal matter. *Id.* Despite that, Hecox purports to have "firmly committed not to try out for or participate in any school-sponsored women's sports" and, on that basis, has filed a purported notice of voluntary dismissal. *Id.* at 4.

Hecox contends that this purported voluntary dismissal requires the Supreme Court to vacate the Ninth Circuit's decision in this case and remand with instructions to dismiss the appeal. *Id.* at 1. But Hecox does not seek to vacate the subsequent published Ninth Circuit opinion that reached the same conclusion as the Ninth Circuit's ruling in this case as to Arizona's women's sports laws. *See Doe v. Horne*, 115 F.4th 1083, 1102 (9th Cir. 2024) (citing *Hecox v. Little*, 104 F.4th 1061, 1079 (9th Cir. 2024)). As a result, any vacatur of the Ninth Circuit's decision in this case will have little practical effect on the Ninth Circuit law governing Idaho and its Fairness in Women's Sports Act.

## ARGUMENT

Hecox's purported dismissal is void. The Court's order granting "the Parties' request for a stay of proceedings" prohibited Hecox from taking *any* action in this case without first conferring with Idaho and moving the Court to lift the parties' agreed

stay. Dkt.137 at 4. The stay included terms governing when and how it could be lifted: only (1) after final disposition of the petition for certiorari, and (2) through "confer[ral] and then timely notif[ication]" by the parties. *Id.* But Hecox neither conferred with Idaho as required nor otherwise sought leave of Court to lift the stay. Instead, Hecox purported to act unilaterally by filing a notice of voluntary dismissal under Rule 41.

Rule 41 authorizes no such thing. While the Rule sets out when a plaintiff may effect a dismissal "without a court order," it does not allow unilateral dismissal *in violation of* a court order. Fed. R. Civ. P. 41(a)(1)(A)(i). Here, the Court's stay order precluded unilateral action outside the terms of the stay and without leave of Court. It adopted Hecox's own position that "the Court should exercise its discretion and enter an order staying proceedings in this case" so that there would be "*no activity* in the district court while this matter is before the Supreme Court." Dkt.135 at 8–9 (emphasis added).

Having prevailed on those contentions, Hecox is bound by them. For one thing, by requesting a stay of all proceedings, Hecox has waived any right to file a Rule 41 voluntary dismissal while the stay remains pending. The Supreme Court has long held that a "party may waive any provision, either of a contract or of a statute, intended for his benefit." *Shutte v. Thompson*, 82 U.S. 151, 159 (1872). And that includes statutory provisions that otherwise must be "construed strictly." *Id.* at 161. Indeed, "absent some affirmative indication of Congress' intent to preclude waiver," the Supreme Court has "*presumed* that statutory provisions are subject to waiver by voluntary agreement of the parties." *United States v. Mezzanatto*, 513 U.S. 196, 201

(1995) (emphasis added). Even "personal *constitutional* rights that dictate the procedures by which civil and criminal matters must be tried" are "subject to waiver." *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 848–49 (1986) (emphasis added). For example, the Supreme Court has held that the "due process rights to notice and hearing prior to a civil judgment are subject to waiver." *D. H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 185 (1972). And it has held litigants to such waivers even when entered well "before any dispute [between the parties] has arisen." *Id.* at 184. This Court should do the same here.

Hecox is also judicially estopped from dismissing in violation of the requested stay. "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position …." *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation modified). This proposition is "especially" true "if it be to the prejudice of the party who has acquiesced in the position formerly taken by him," as is the case here. *Id.* (citation modified). Hecox is thus judicially estopped from arguing that the stay order allows Hecox's "activity in the district court." Dkt.135 at 8–9.

As the Ninth Circuit has explained it, judicial estoppel "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position." *Helfand* v. *Gerson*, 1-5 F.3d 530, 534 (9th Cir. 1997) (citation omitted). "It is an equitable doctrine intended to protect the integrity of the judicial process by preventing a litigant from 'playing fast and loose with the courts.'" *Id.* (citations omitted). "[J]udicial estoppel applies to a party's stated

position, regardless of whether it is an expression of intention, a statement of fact, or a legal assertion." *Id.* at 535. That's because the "integrity of the judicial process is threatened when a litigant is permitted to gain an advantage by the manipulative assertion of inconsistent positions, factual or legal." *Id.*; *accord*, *e.g.*, *Wagner v. Pro. Eng'rs in Ca. Gov't*, 354 F.3 1036, 1044–50. (9th Cir. 2004) (making the same points).

Hecox previously told this Court that *all* "proceedings" should be stayed pending resolution of Idaho's certiorari petition. Hecox did so to gain an advantage—to prevent any filings by any other party, including an answer or summary-judgment motion that would have made voluntary dismissal impossible. Hecox's new position, i.e., that the stay should accommodate a Rule 41 filing, would prejudice Idaho by denying it Supreme Court merits review after Hecox succeeded in establishing Ninth Circuit precedent holding Idaho's law unconstitutional—precedent that has since been taken up by other Ninth Circuit cases and would not be undone if the circuit decision in this matter were vacated. *See Roe v. Critchfield*, 137 F.4th 912, 922 (9th Circ. 2025) (based in part on *Hecox* circuit decision, applying intermediate scrutiny to classifications based on gender identity); *Doe v. Horne*, 115 F.4th 1083 (9th Cir. 2024) (based on *Hecox* circuit decision, holding unconstitutional Arizona's Save Women's Sports Act). "This change in position is precisely the kind of 'playing fast and loose with the courts' that the judicial estoppel doctrine is designed to prevent." *Wagner*, 354 F.3d at 1050 (citation omitted).

Wholly aside from judicial estoppel, two recent unanimous Supreme Court opinions foreclose Hecox's attempt to voluntarily dismiss this case while the stay remains in place.

1. In the Supreme Court's 2024 decision in *Smith v. Spizzirri*, the Court unanimously held as a matter of plain language that the word "stay" means a "'temporary suspension' of legal proceedings, not the conclusive termination of such proceedings." 601 U.S. 472, 477 (2024) (quoting Black's Law Dictionary 1109 (2d ed. 1910)). Consequently, when the Federal Arbitration Act commands a "stay" of a case, the case cannot be dismissed without violating the Act. *Id.* The same is true here: by ordering a "stay," this Court not only suspended further proceedings in the case, but also prohibited termination of the case. It "ensure[d] the parties can return to [this] Court," *id.*, after proceedings in the Supreme Court conclude.

2. Hecox may argue that Rule 41 is an exception to the general rule that a stay of proceedings prohibits termination of a case, but that argument is foreclosed by the Supreme Court's recent decision in *Waetzig v. Halliburton Energy Services, Inc.* 604 U.S. 305 (2025). In *Waetzig*, facing a plaintiff who had voluntarily dismissed his case under Rule 41, the Court held that "the term 'proceeding'" in Rule 60(b) "encompasses *all* steps taken in an action," including voluntary dismissals. 604 U.S. at 308, 316, 318. On the way to that conclusion, the *Waetzig* Court specifically addressed the question in this case: whether a stay of proceedings can prevent a plaintiff's voluntary dismissal under Rule 41.

The *Waetzig* Court said yes. It remarked that a stay of "further proceedings" as a sanction under Rule 37 "likely refers to a stay of *any* further action in the lawsuit, *including further docket filings*. If read otherwise, the stay would be an ineffective sanction against a party's disobedience." *Id.* at 316 (emphasis added). The Court then noted that Rule 41 itself permits a court to "stay the proceedings until a plaintiff pays the costs of a previously dismissed action," and such a stay "would be a relatively toothless sanction if 'proceedings' did not encompass all further actions in the case"—including Rule 41 dismissals. *Id.*

Finally, while the voluntary dismissal in *Waetzig* was *without* prejudice, the Court made clear in its analysis that dismissals with and without prejudice should be treated the same. *Id.* at 318. If anything, a dismissal *with* prejudice should *more* likely qualify as a proceeding, as the respondent there argued. *Id.* But the Supreme Court saw "no reason why" they should be treated differently, explaining that "[b]oth consist in the simple filing of a paper on the docket" and both impose legal burdens on the plaintiff. *Id.* As a result, the Court held that a "'proceeding' encompasses all steps taken in the action, including a voluntary dismissal without prejudice." *Id.*

Nothing in the Ninth Circuit's case law appears to the contrary. (And even if it did, the Supreme Court's case law would control.) The Ninth Circuit generally recognizes a plaintiff's broad latitude to dismiss its case on notice before service of an answer or summary judgment motion. *See Duke Energy Trading & Mktg., LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001). But so far as Idaho can tell, *no* federal court of appeals has ever allowed a plaintiff to voluntarily and unilaterally dismiss a

case that has been stayed by a court order—much less a court order that the plaintiff requested. Instead, the little authority that exists on this point instructs that Hecox's filing is null and void because it was filed while the stay remains in effect.

Take the Third Circuit's decision in a similar procedural context in *USX Corporation v. Penn Central Corporation*, 130 F.3d 562 (3d Cir. 1997). There, as here, the parties stipulated to a stay pending disposition of further proceedings in a separate case, which ultimately included a petition for certiorari. *Id.* at 565–67. After the Supreme Court denied certiorari in that case (but while the stay remained in effect), the prevailing defendant filed a motion for summary judgment. *Id.* at 565. The plaintiff responded by filing a Rule 41 notice of dismissal (again while the stay remained in effect). *Id.* Almost three weeks later, after remand from the court of appeals and action on the mandate in that case, the stay was finally lifted. *Id.* The plaintiff then filed another notice of dismissal under Rule 41. *Id.*

The Third Circuit held that only this *second* notice of voluntary dismissal was effective. *Id.* at 568. "The stay to which the parties had stipulated continued through the entire appellate process and terminated only when" the judge in the other case "acted on the [court of appeals'] mandate." *Id.* As a result, "[t]his last notice of dismissal … was the only pleading filed" after the other case "was finally resolved" and the stay terminated, "and therefore, it was the only motion viable" before the district court. *Id.* And since the motion for summary judgment was not a "viable" motion because it was filed while the stay remained in effect, "the district court did not err in its conclusion that the [second] notice of dismissal under Rule 41(a)(1) was

appropriate." *Id.* "*Since no other pleadings were before it*, it [could not] be said that the district court abused its discretion in allowing the matter to be dismissed voluntarily." *Id.* (emphasis added).

The same reasoning applies with even greater force here. In *USX*, the parties disputed when the stay had been lifted. *Id.* at 565–68. In contrast here, there is no question that the stay remains in effect "until the United States Supreme Court finally disposes of the petition for a writ of certiorari in *Little v. Hecox*, No. 24-38, and issues a judgment, and if applicable, the Ninth Circuit issues its Mandate in Appeal Nos. 20-35813 and 20-35815." Dkt.137 at 4.

None of that has happened yet. Once this Court entered its stay order, the Clerk marked this case "STAYED," and that marking remained in place when Hecox filed the purported notice of voluntary dismissal challenged here. Like the first notice of dismissal and the summary judgment motion in *USX*, Hecox's purported notice of dismissal is not a "viable" filing. *USX*, 130 F.3d at 568. The two conditions required for lifting the stay—conditions Hecox expressly accepted—have not yet transpired. As a result, Hecox's filing of a notice of voluntary dismissal is a "nullity," just like in *USX*. 130 F.3d at 567.

That result makes sense. The parties reached the stay by agreement, wagering that, regardless of whether the Supreme Court granted review, the most efficient course of litigation was to stay proceedings in the meantime. But once the Supreme Court granted review and Hecox came to regret that bargain, Hecox sought to cancel it unilaterally with a purported notice of voluntary dismissal. Allowing that ploy to

DEFENDANT'S MOTION TO STRIKE PURPORTED NOTICE OF DISMISSAL - 12

succeed would require the Court to hold that while Idaho was prevented by the stay from filing an answer or summary judgment motion to prevent dismissal, Hecox was allowed to unilaterally cancel the stay and have the case dismissed by filing a notice of dismissal. Nothing in Rule 41 or the case law interpreting it supports that result. Both parties must live by the terms of the relief Hecox requested and obtained: a stay permitting "no activity in the district court while this matter is before the Supreme Court." Dkt.135 at 8–9.

What's more, Idaho would suffer substantial prejudice from letting Hecox out of the parties' deal. *See New Hampshire*, 532 U.S. at 749. Idaho's resources for this case over the last year have been fully committed to obtaining and perfecting Supreme Court review, all based on the parties' agreement and the Court's order staying all other proceedings in the meantime. Idaho is now deep into the drafting of its merits briefing in this matter, having worked with Hecox's counsel to coordinate the schedule and agree on the contents of the joint appendix.

And even if the Supreme Court were to vacate the Ninth Circuit's opinion in this case on mootness grounds, that would not undo the circuit's separate, 55-page opinion in *Doe v. Horne*, which remains binding Ninth Circuit precedent directly relevant to the constitutionality of Idaho's own law and may prevent Idaho from enforcing its law regardless of the end of this Court's injunction and the vacatur of the Ninth Circuit's *Hecox* opinion. The Court should not allow Hecox to strategically flout its orders or the parties' agreement at such great cost to Idaho.

Finally, a live controversy remains for this Court—and the Supreme Court—to address. Again, Hecox contends that the dismissal moots the case, not that mootness requires dismissal. Nothing material has changed about Hecox's practical situation as a male BSU student who has expressed a desire to participate in women's sports—the only change is in the whims of Hecox's subjective intentions. And where, as here, such subjective post-certiorari maneuvers reflect an attempt to "manipulate the [Supreme] Court's jurisdiction to insulate a favorable decision from review," the Supreme Court is not inclined to find a case moot. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 288 (2000). In any event, the question of mootness is for the Supreme Court to answer in the first instance—not for this Court to resolve while the case remains stayed here pending resolution of Idaho's appeal.

## CONCLUSION

The Court should strike Hecox's purported notice of voluntary dismissal as void because it violates the stay which is still in place and to which Hecox expressly stipulated.

Dated: September 8, 2025                Respectfully submitted,

                                        STATE OF IDAHO
                                        OFFICE OF THE ATTORNEY GENERAL


                                        /s/ *Alan M. Hurst*
                                        Alan M. Hurst
                                        Solicitor General

                                        *Attorney for Defendants*

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


<u>/s/ *James E. M. Craig*</u>
James E. M. Craig
Division Chief
Civil Litigation and Constitutional Defense

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT on September 8, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Paul C. Southwick
Emily M. Croston
AMERICAN CIVIL LIBERTIES UNION
OF IDAHO FOUNDATION
psouthwick@acluidaho.org
ecroston@acluidaho.org

Selim Aryn Star
AMERICAN CIVIL LIBERTIES UNION
OF IDAHO FOUNDATION
Cooperating Attorney for ACLU of Idaho Foundation
service.starlawoffice@gmail.com

James Esseks*
Chase Strangio*
AMERICAN CIVIL LIBERTIES FOUNDATION
jesseks@aclu.org
cstrangio@aclu.org

Kathleen Hartnett*
Andrew Barr*
Elizabeth Reinhardt*
Elizabeth Prelogar*
Katelyn Kang*
COOLEY LLP
khartnett@cooley.com
abarr@cooley.com
ereinhardt@cooley.com
kkang@cooley.com
eprelogar@cooley.com

*Attorneys for Plaintiffs*
*\*Admitted pro hac vice*

Kelly O'Neill
LEGAL VOICE
koneill@legalvoice.org

Dayton Patrick Reed
ADA COUNTY PROSECUTOR'S OFFICE
CIVIL DIVISION
dreed@adacounty.id.gov

Cory Michael Carone
STOEL RIVES LLP
Cory.carone@stoel.com

Roger G. Brooks
Kristen K. Waggoner
Jeffrey A. Shafer
Christiana M. Keifer
Lincoln Davis Wilson
Parker Douglas
ALLIANCE DEFENDING FREEDOM
rbrooks@adflegal.org
kwaggoner@adflegal.org
jshafer@adflegal.org
ckiefer@adflegal.org
lwilson@adflegal.org
pdouglas@adflegal.org

*Attorneys for Intervenors*

                               s/ *James E. M. Craig*