

September 12, 2025

*E-filed*
The Honorable Chief District Judge David C. Nye
U.S. District Court for the District of Idaho
800 W. Front Street
Boise, ID 83702

    Re:    *Hecox v. Little, et al.*, No. 1:20-cv-00184-DCN

Dear Chief Judge Nye,

On September 8, 2025, Defendants filed their Motion to Strike Purported Notice of Dismissal. On page 4 of the Motion, there is a parenthetical to an Alabama federal judge's order in *Boe v. Marshall*, describing that order as "reprimanding Hecox's attorneys, Kathleen Hartnett and James Esseks, for improperly dismissing a complaint to draw a different judge."

In writing that parenthetical, I had just read the three-judge panel's Final Report of Inquiry that preceded the *Boe* order and characterized the conduct of 11 lawyers—including Ms. Hartnett and Mr. Esseks—as "misconduct." Final Report, p. 51, https://perma.cc/AC8W-5694. I used the word "reprimand" in the parenthetical in its colloquial sense, i.e., a "severe or formal reproof." *Reprimand*, Merriam-Webster, merriam-webster.com/dictionary/reprimand. But with the benefit of additional time and a more thorough examination of the remainder of the *Boe* order, it is clear the Alabama federal judge formally "reprimanded" (in the legal sense) other attorneys in that group of 11 but *not* Ms. Hartnett and Mr. Esseks because they apologized and accepted responsibility for their conduct. 767 F. Supp. 3d 1226, 1279–80 (M.D. Ala. 2025). I apologize for and regret any confusion I may have caused by my use of the word "reprimanding."

    Best regards,

    /s/ *John J. Bursch*
    John J. Bursch
    Senior Counsel
    Alliance Defending Freedom
    jbursch@adflegal.org

    *Co-counsel for Defendants*

cc:    All counsel of record