Kathleen R. Hartnett*  
COOLEY LLP  
3 Embarcadero Center, 20th Floor  
San Francisco, CA 94111-4004  
T: (415) 693-2000  
F: (415) 693-2222  
khartnett@cooley.com  

Katelyn L. Kang*  
COOLEY LLP  
55 Hudson Yards  
New York, NY 10001  
T: (212) 479-6000  
F: (212) 479-6275  
kkang@cooley.com  

Elizabeth F. Reinhardt*  
COOLEY LLP  
500 Boylston Street  
Boston, MA 02116  
T: (617) 937-2300  
F: (617) 937-2400  
ereinhardt@cooley.com  

Selim Aryn Star  
AMERICAN CIVIL LIBERTIES UNION  
OF IDAHO FOUNDATION  
Cooperating Attorney for ACLU  
of Idaho Foundation  
219 S. River St., Suite 202  
Hailey, ID 83333  
T: (208) 788-9232  
service.starlawoffice@gmail.com  

Paul C. Southwick  
Emily M. Croston  
AMERICAN CIVIL LIBERTIES UNION  
OF IDAHO FOUNDATION  
P.O. Box 1897  
Boise, ID 83701  
T: (208) 344-9750  
psouthwick@acluidaho.org  
ecroston@acluidaho.org  

James Esseks*  
Chase Strangio*  
AMERICAN CIVIL LIBERTIES UNION  
FOUNDATION  
125 Broad St.  
New York, NY 10004  
T: (212) 549-2569  
jesseks@aclu.org  
cstrangio@aclu.org  

Kelly O'Neill  
LEGAL VOICE  
P.O. Box 50201  
Boise, ID 83705  
T: (208) 649-4942  
koneill@legalvoice.org  

*Attorneys for Plaintiffs*  
*Admitted *pro hac vice*

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDSAY HECOX, et al., | Case No. 1:20-cv-00184-DCN |
| *Plaintiffs*, | Hon. David C. Nye |
| v. | **PLAINTIFF LINDSAY HECOX'S RESPONSE TO MOTION TO STRIKE** |
| BRADLEY LITTLE, et al., | |
| *Defendants*. | |

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1
ARGUMENT ........................................................................................................................ 2
    I.     Lindsay Has an Absolute Right to Dismiss This Case ..................................................... 2
    II.    Idaho Provides No Basis to Deny the Immediate Effect of Lindsay's Dismissal ............. 4
    III.   In the Alternative, this Court Should Dismiss Pursuant to Rule 41(a)(2) .......................... 9
CONCLUSION ..................................................................................................................... 11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Soccer Co. v. Score First Enters.*,
    187 F.3d 1108 (9th Cir. 1999) ................................................................................2, 3

*Bd. of License Comm'rs of Town of Tiverton v. Pastore*,
    469 U.S. 238 (1985)..............................................................................................10

*Boe v. Marshall*,
    767 F. Supp. 3d 1226 (M.D. Ala. 2025) ................................................................4

*CFTC v. Schor*,
    478 U.S. 833 (1986)................................................................................................6

*City of Erie v. Pap's A.M.*,
    529 U.S. 277 (2000)..............................................................................................11

*Com. Space Mgmt. Co. v. Boeing Co.*,
    193 F.3d 1074 (9th Cir. 1999) .......................................................................2, 4, 7

*D. H. Overmyer Co. Inc., of Ohio v. Frick Co.*,
    405 U.S. 174 (1972)................................................................................................6

*Deakins v. Monaghan*,
    484 U.S. 193 (1988)..............................................................................................10

*Doe v. Horne*,
    115 F.4th 1083 (9th Cir. 2024) ..............................................................................7

*In re Fine Paper Antitrust Litig.*,
    695 F.2d 494 (3d Cir. 1982)...................................................................................9

*Gardiner v. A.H. Robins Co.*,
    747 F.2d 1180 (8th Cir. 1984) ...............................................................................3

*Hamilton v. Shearson-Lehman American Express, Inc.*,
    813 F.2d 1532 (9th Cir. 1987) .......................................................................3, 5, 8

*Hastert v. Ill. St. Bd. of Elec. Comm'rs*,
    28 F.3d 1430 (7th Cir. 1994) .................................................................................9

*Helfand v. Gerson*,
    105 F.3d 530 (9th Cir. 1997) .................................................................................7

*Home Port Rentals, Inc. v. Ruben*,
    957 F.2d 126 (4th Cir. 1992) .................................................................................9

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Kamal v. Eden Creamery, LLC*,
  88 F.4th 1268 (9th Cir. 2023) ................................................................................................2

*Little v. Hecox*,
  No. 24-38 (U.S.) .....................................................................................................................7

*Marley v. United States*,
  567 F.3d 1030 (9th Cir. 2009) ................................................................................................7

*Merit Ins. Co. v. Leatherby Ins. Co.*,
  581 F.2d 137 (7th Cir. 1978) ...............................................................................................3, 8

*New Hampshire v. Maine*,
  532 U.S. 742 (2001) ...............................................................................................................6

*Pedrina v. Chun*,
  987 F.2d 608 (9th Cir. 1993) ..............................................................................................1, 6

*Petersen v. Doe*,
  No. 24-449 (U.S.) ...................................................................................................................7

*Satterfield v. Vaughn*,
  2024 WL 3633581 (4th Cir. Aug. 2, 2024) ............................................................................3

*Shutte v. Thompson*,
  82 U.S. 151 (1872) .................................................................................................................6

*Smith v. Lenches*,
  263 F.3d 972 (9th Cir. 2001) .................................................................................................9

*Smith v. Spizzirri*,
  601 U.S. 472 (2024) ...............................................................................................................8

*United States v. Mezzanatto*,
  513 U.S. 196 (1995) ...............................................................................................................6

*USX Corp. v. Penn Central Corp.*,
  130 F.3d 562 (3d Cir. 1997) ..................................................................................................9

*Waetzig v. Halliburton Energy Services, Inc.*,
  604 U.S. 305 (2025) ...............................................................................................................8

*West Virginia v. B.P.J.*,
  No. 24-43 ................................................................................................................................7

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Other Authorities**

5 James Wm. Moore, *Moore's Federal Practice* § 41.33 (2025) .................................................... 4

9 Wright & Miller, *Federal Practice & Procedure* § 2363 (4th ed.) ............................................ 3

**INTRODUCTION**

Lindsay Hecox filed this action more than five years ago, when she was a freshman at Boise State University and hoped to try out for BSU's women's track and cross-country teams. But Lindsay's life has changed in the years since, and she has faced significant challenges—from illness to her father's passing to the negative public scrutiny this case has invited—that have affected her both personally and academically. Now at age 25, after carefully considering her personal and academic goals, Lindsay has decided to end her efforts to play collegiate women's sports and to formally abandon her claims in this case. On September 2, 2025, Lindsay filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i), Dkt. No. 141, dismissing her case with prejudice, and asked the Supreme Court to vacate the Ninth Circuit's judgment on mootness grounds and remand with instructions to dismiss the appeal.

Lindsay had every right to dismiss her case. A plaintiff enjoys an absolute right to do so before the opposing party files an answer or motion for summary judgment, and the notice is self-executing—indeed, "[t]here is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play." *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (citation omitted). And while Lindsay could dismiss for any reason, her decision here was compelled by her obligation to this Court: This case is now moot, and Lindsay has no basis to continue an action that no longer involves a live case or controversy.

Lindsay's exercise of her right to dismiss this case immediately terminated this action—and Idaho provided no basis for this Court to conclude otherwise. Rule 41(a)(1)(A)(i) does not permit courts to examine whether a dismissal notice is effective—the notice does the work itself, leaving nothing for a defendant to challenge and nothing for a court to adjudicate. And even if Idaho's complaints were considered, they are without merit. Idaho points to this Court's prior order staying this case pending the Supreme Court's review, but Lindsay has done nothing in

1

conflict with that order. She does not seek to lift the stay and revive the litigation; instead, she has terminated the case altogether, as is her obligation now that her suit no longer presents a live controversy. Nor does Lindsay's dismissal contravene the positions she has taken in this case. In seeking a stay alongside Idaho, Lindsay simply explained that a motion to intervene—by an individual who would not be a part of the Supreme Court proceedings—should not be litigated while the case is pending before the Supreme Court. Her position has not changed. Finally, Idaho's claims of prejudice ring hollow: By dismissing this case with prejudice and asking the Supreme Court to vacate the Ninth Circuit's decision, Lindsay is effectively granting Idaho what it has sought throughout this case. While this Court has no need to evaluate Idaho's arguments, they cast no doubt upon Lindsay's ability to dismiss her case.

Lindsay's notice of voluntary dismissal immediately terminated this case, and because Lindsay has decided to permanently withdraw and refrain from playing any women's sports covered by H.B. 500, this case is moot. Idaho's motion should not be entertained.

## ARGUMENT

### I. Lindsay Has an Absolute Right to Dismiss This Case

"Under Rule 41(a)(1), a plaintiff has 'an absolute right' to voluntarily dismiss an action 'prior to service by the defendant of an answer or a motion for summary judgment.'" *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 n.4 (9th Cir. 2023) (quoting *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997)). In light of Rule 41(a)(1)'s "unequivocal" language, this right "may not be extinguished or circumscribed by adversary or court." *Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108, 1110 (9th Cir. 1999). Indeed, "it is beyond debate that a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1078 (9th Cir. 1999).

Given the self-executing nature of a Rule 41(a)(1) dismissal, the Ninth Circuit has long held that "the court has no role to play" when such a dismissal notice is filed, and "there is not even a perfunctory order of the court closing the file." *Am. Soccer Co.*, 187 F.3d at 110 (citation omitted); *see also, e.g.*, *Satterfield v. Vaughn*, 2024 WL 3633581, at *1 (4th Cir. Aug. 2, 2024) (holding that because "a voluntary dismissal is effective upon the filing of the notice with the clerk of the district court, the action terminated when [the plaintiff] filed his notice," such that "the district court was divested of jurisdiction" to enter order purporting to dismiss case); *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1190 (8th Cir. 1984) (explaining that Rule 41(a)(1) "contains no exceptions that call for the exercise of judicial discretion by any court" and invalidating district court's entry of "So Ordered" notation on parties' Rule 41(a)(1)(ii) stipulated dismissal). Lindsay's notice of voluntary dismissal thus terminates this action upon filing, leaving nothing for defendants to challenge or for this Court to decide.

That remains true where, as here, a case has been stayed. In *Hamilton v. Shearson-Lehman American Express, Inc.*, 813 F.2d 1532 (9th Cir. 1987), for example, the parties had agreed to a stay after the district court granted a motion to compel arbitration, and the Ninth Circuit recognized that the filing of a Rule 41(a)(1) notice "automatically terminate[d]" the action on its own accord. *Id.* at 1533-35. As *Hamilton* explained, the "language of [Rule 41(a)(1)] leaves little room for interpretation" and "[u]ntil an adverse party files an answer or a motion for summary judgment, the plaintiff can have the action dismissed merely by filing a notice of dismissal with the clerk." *Id.* at 1534. Other courts agree. *See, e.g.*, *Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 139, 142 (7th Cir. 1978) (affirming denial of motion to vacate and quash notice of voluntary dismissal where case was stayed pending arbitration); *cf.* 9 Wright & Miller, *Federal Practice & Procedure* § 2363 (4th ed.) (explaining that "a motion for a stay" does not "terminate the right to dismiss by

3

notice"); 5 James Wm. Moore, *Moore's Federal Practice* § 41.33 (2025) (under the "bright line test" adopted by most courts, "a voluntary dismissal will not be precluded by . . . a motion to stay pending arbitration"). A stay is thus no obstacle to dismissal under Rule 41(a)(1).

Under Rule 41(a)(1)(A)(i), Lindsay had an absolute right to make the decision to dismiss her case. Idaho might not like that decision, but it cannot challenge her dismissal or ask this Court to override it.

## II. Idaho Provides No Basis to Deny the Immediate Effect of Lindsay's Dismissal

Idaho does not dispute that it has not served an answer or a motion for summary judgment—the two preconditions for a plaintiff to dismiss her action under Rule 41(a)(1)(A)(i) "without a court order." Idaho seeks to characterize Lindsay's notice of voluntary dismissal as "void" for several reasons, including its views of this Court's prior stay. Dkt. No. 147 ("Br.") at 5. But since Lindsay's dismissal notice "automatically terminate[d] the action," this Court has "los[t] jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal." *Com. Space Mgmt.*, 193 F.3d at 1076. And even if the Court considered Idaho's arguments, they provide no cause to question the validity or effect of Lindsay's dismissal.[1]

1. Idaho's principal contention is that Lindsay's dismissal notice conflicts with the parties' stipulation and this Court's August 22, 2024 order staying this case pending Supreme Court review. Br. 5-6; *see* Dkt. Nos. 135, 137. That claim fails.

This Court's order simply granted the parties' agreed-upon request for a stay "until the United States Supreme Court finally disposes of the petition for a writ of certiorari . . . and issues

---

[1] Idaho's personal attacks on Lindsay's counsel, *see* Br. 4, are inappropriate, baseless, and irrelevant. While an Alabama federal court explored whether a voluntary dismissal in a different case aimed to facilitate "forum-shopping," the court found no wrongdoing on the part of Lindsay's counsel. *See Boe v. Marshall,* 767 F. Supp. 3d 1226, 1279-80 (M.D. Ala. 2025). Regardless, there can be no claim of forum-shopping given Lindsay's dismissal with prejudice.

a judgment, and if applicable, the Ninth Circuit issues its Mandate" on appeal. Dkt. No. 137 at 4. Nothing in that order purported to divest Lindsay of her unconditional right to voluntarily dismiss under Rule 41(a)(1), and as noted, the existence of a stay does not prevent a notice of voluntary dismissal from operating to immediately terminate the action. *See Hamilton*, 813 F.2d at 1534-35. Nor did the stay order impose any obligation on Lindsay to confer with Idaho or notify the Court before exercising her unconditional right to voluntarily dismiss. This Court's stay order directs the parties "to confer and then timely notify the Court when the stay should be lifted." Dkt. No. 137 at 4. But Lindsay does not seek an order lifting the stay: She has decided to *end* her litigation, not to *continue* it.

Idaho's arguments about Lindsay's prior representations regarding the scope of the stay, *see* Br. 6, are both misleading and irrelevant. While Idaho implies that Lindsay alone persuaded this Court to enter a stay, both parties agreed to it and the subject of the parties' disagreement concerned only "the timing of briefing an additional motion to intervene brought by a new proposed intervenor." Dkt. No. 135 at 8. Lindsay explained that litigating a motion to intervene while the case was pending before the Supreme Court "would unnecessarily burden the Parties and the Court while not materially helping the new proposed intervenor in any way." *Id.* at 9. To explain why, Lindsay noted that because "the Supreme Court proceedings do not involve [a] new proposed intervenor" and "there will be no activity in the district court while this matter is before the Supreme Court," it would be a waste of judicial resources to address an intervention issue that could only be relevant if the case were to resume in district court on remand. *Id.* at 8-9.

Lindsay's position has not changed. She does not seek to lift the stay to restart litigation before this Court. Rather, she has decided to end this litigation entirely. Nothing in her prior representations or the Court's stay order divests Lindsay of her right to dismiss her case.

5

2.      Idaho disagrees, appealing first to principles of waiver and judicial estoppel. Br. 6-8. But a plaintiff's absolute right to dismiss her own case cannot be waived or otherwise relinquished. As the Ninth Circuit has observed, "[t]his is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court." *Pedrina*, 987 F.2d at 610 (citation omitted). Even if waiver or judicial estoppel were an appropriate frame to consider Idaho's complaints, however, these doctrines would not apply.

Beginning with waiver (Br. 6-7), Rule 41 does not require Lindsay to do anything to *preserve* her right to dismiss her case—that right is automatic even "without a court order." Fed. R. Civ. P. 41(a)(1)(A)(i). And while Idaho points to a handful of cases invoking familiar principles of waiver, none involves voluntary dismissal and all are distinguishable for other reasons as well. In the main, these cases involve explicit waivers or clear decisions not to raise evidentiary objections when required. *See, e.g.*, *Shutte v. Thompson*, 82 U.S. 151, 159-61 (1872) (failure to timely seek to exclude deposition testimony at trial); *United States v. Mezzanatto*, 513 U.S. 196, 203 (1995) (explicit agreement to waive any objection to use of statements made in plea discussions at trial); *CFTC v. Schor*, 478 U.S. 833, 848-49 (1986) (waiving right to jury trial by demanding administrative adjudication); *D. H. Overmyer Co. Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 185 (1972) (explicit waiver of due process rights). Lindsay has not explicitly waived any right to voluntarily dismiss her case (if such waiver were even possible), and none of her actions before this Court, the Ninth Circuit, or the Supreme Court implicate her dismissal rights.

Any claim of judicial estoppel fails for similar reasons. Br. 7-8. Unlike the cases Idaho cites, Lindsay has not assumed a position that is "clearly inconsistent" with any position she took earlier in this case. *New Hampshire v. Maine*, 532 U.S. 742, 749, 755 (2001) (plaintiff urged "inconsistent interpretation" of agreement after prevailing on different interpretation in earlier

6

litigation); *Helfand v. Gerson*, 105 F.3d 530, 535 (9th Cir. 1997) (party asserted "incompatible interpretations" of documents at issue). As noted, Lindsay sought a stay to avoid litigating in this Court while the case is pending before the Supreme Court. *See supra* at 4-5. That remains her position now. Lindsay has consistently sought to conserve judicial resources by refraining from parallel litigation in district court—now, for the additional reason that this case is moot given Lindsay's decision to permanently end her efforts to play women's sports covered by H.B. 500, and consequently to formally abandon her claims in this case.

   3. Idaho further fails to identify any prejudice from Lindsay's dismissal. Br. 8, 13. By virtue of her dismissal notice, "the parties are left as though no action had been brought, [and] the defendant can't complain." *Com. Space Mgmt.*, 193 F.3d at 1078. Lindsay has also asked the Supreme Court to vacate the Ninth Circuit's decision, which will deprive it of any precedential effect in other cases. Suggestion of Mootness at 1, *Little v. Hecox*, No. 24-38 (U.S. Sept. 2, 2025); *see Marley v. United States*, 567 F.3d 1030, 1038 (9th Cir. 2009) ("'[A] decision that has been vacated has no precedential authority whatsoever[.]'"), *overruled on other grounds by Kwai Fun Wong v. Beebe*, 732 F.3d 1030 (9th Cir. 2013).

  Idaho is wrong to contend (Br. 5, 8) that this case should remain alive because it does not like a different Ninth Circuit decision, *Doe v. Horne*, 115 F.4th 1083 (9th Cir. 2024). Idaho is not a party to the *Doe* case, which is pending in the Supreme Court on a petition for certiorari that is being held pending the Court's disposition in this case and *West Virginia v. B.P.J.*, No. 24-43. *See Petersen v. Doe*, No. 24-449 (U.S.). And to the extent that Idaho simply wants a Supreme Court ruling on the issues this case had presented, *see* Br. 8, the State is not entitled to an advisory opinion now that this case is moot. In any event, the *B.P.J.* controversy remains live and will likely provide guidance on the same issues presented in this case.

4. Finally, Idaho errs in invoking a trio of cases to suggest that Lindsay's dismissal notice is not effective. Br. 9-12. None of the cases suggests that a stay order precludes a party from exercising her absolute right to voluntarily dismiss when a case becomes moot—indeed, none of the cases considered mootness at all. The limited issues they *did* consider, moreover, do not bear on Lindsay's dismissal here.

In *Smith v. Spizzirri*, 601 U.S. 472 (2024) (cited at Br. 9), the Supreme Court considered whether the Federal Arbitration Act allows a *court* to dismiss, rather than stay, a case that is subject to arbitration when a party requests a stay pending arbitration. *Id.* at 474. Applying the terms of the FAA, the Court answered that question in the negative, recognizing that the statute explicitly directs courts to "stay the trial of the action" upon a party's request until the arbitration has concluded. *Id.* at 473-74 (quoting 9 U.S.C. § 3). *Spizzirri* does not remotely suggest that dismissal is impermissible whenever a stay is in place—indeed, the Ninth Circuit, like other courts, has long permitted voluntary dismissals in precisely that circumstance. *See, e.g.*, *Hamilton*, 813 F.2d at 1534-35; *Merit Ins. Co.*, 581 F.2d at 139.

Idaho's reliance on *Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. 305, 307 (2025) is equally unavailing. Br. 9-10. *Waetzig* held that a voluntary dismissal without prejudice qualifies as a "final proceeding" under Rule 60(b). 604 U.S. at 319. But this case has nothing to do with Rule 60(b); Idaho's only argument is that this Court's stay order is best read to prevent Lindsay from dismissing her case with prejudice. That is not the best reading of this Court's order, which was entered against the backdrop of the Ninth Circuit's precedent permitting voluntary dismissals when stays are in place. Rather, the Court's stay order is properly interpreted to prevent the parties from *advancing* their claims and defenses—not to prevent Lindsay from *abandoning* her suit.[2]

---

[2] Whereas *Waetzig* considered the meaning of the term "proceeding" under Rule 60(b), Idaho's arguments here center on the meaning of this Court's own stay order. A district court is generally

8

Finally, Idaho cites *USX Corp. v. Penn Central Corp.*, 130 F.3d 562 (3d Cir. 1997) (Br. 11-12), which is likewise unhelpful to Idaho. A primary holding of *USX Corp.* is that courts of appeals defer to district courts' understandings of their own stay orders, reviewing those interpretations "under the clearly erroneous standard." 130 F.3d at 566. Applying that standard, the Third Circuit deferred to the district court's conclusion that a stay of proceedings rendered both a summary judgment motion and a prior voluntary dismissal a "nullity." *Id.* at 567. The court of appeals then affirmed the district court's order recognizing the voluntary dismissal. *Id.* at 568. Thus, to the extent that a district court's stay order *could* implicate a party's right to voluntarily dismiss, *USX* confirms that this Court has discretion to recognize that its stay of proceedings is not reasonably read to prevent Lindsay from ending her case.

Lindsay's notice of voluntary dismissal complied with Rule 41(a)(1)(A)(i), and Idaho offers no grounds for this Court to interfere with the automatic termination that the filing effects.

### III.     In the Alternative, this Court Should Dismiss Pursuant to Rule 41(a)(2)

If the Court sees any obstacle to recognizing Lindsay's voluntary dismissal under Rule 41(a)(1)(A), it may alternatively dismiss this case with prejudice under Rule 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted). Here, Idaho will not suffer any prejudice because Lindsay has committed that she "will not participate in any women's sports that are covered by H.B. 500 while [she is] in Idaho" and that she "will not bring another lawsuit against Idaho House Bill 500

---

entitled to "particular deference" in its "interpretation of its own order." *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 498 (3d Cir. 1982); *see also, e.g.*, *Hastert v. Ill. St. Bd. of Elec. Comm'rs*, 28 F.3d 1430, 1438 (7th Cir. 1994) (court's interpretation of its own order will not be disturbed "absent a clear abuse of discretion"); *Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 131 (4th Cir. 1992) (it is "peculiarly within the province of the district court . . . to determine the meaning of its own order" even if the order is "not clear").

9

after dismissing [her] case." Suggestion of Mootness at 2a (¶¶ 8, 10). Thus, dismissing Lindsay's case with prejudice would give Idaho precisely the same relief that it would get if it ultimately prevailed in this litigation.

Dismissing this case with prejudice is also appropriate because the case has become moot. A case is "rendered moot" where a plaintiff expresses "willingness permanently to withdraw [her] . . . claims." *Deakins v. Monaghan*, 484 U.S. 193, 200 (1988). Parties and their counsel have "a continuing duty to inform the Court of any development which may conceivably affect the outcome of the litigation," including any development that could result in "the absence of a case or controversy." *Bd. of License Comm'rs of Town of Tiverton v. Pastore*, 469 U.S. 238, 240 (1985) (quotation marks omitted). Lindsay has taken precisely that approach here. After "deep consideration," she determined that she would no longer seek to play women's sports because she has "come under negative public scrutiny from certain quarters" since commencing this case, has "observed increased intolerance generally for people who are transgender and specifically for transgender women who participate in sports," and fears that if she continues this lawsuit she "will personally be subjected to harassment that will negatively impact [her] mental health, [her] safety, and [her] ability to graduate as soon as possible." Suggestion of Mootness at 1a-2a (¶¶ 6-7). Having determined to "cease playing women's sports in any context covered by H.B. 500," she took the steps necessary to resolve this suit, which no longer presents a live case or controversy. *Id.* at 1a (¶ 6).

In response, Idaho insists that there is a "live controversy" because "[n]othing material has changed about Hecox's practical situation as a . . . student who has expressed a desire to participate in women's sports." Br. 14. That is wrong. As noted above, Lindsay has made clear that she no longer desires to participate in women's sports covered by the challenged law—and that she "will

10

not do so." Suggestion of Mootness at 2a (¶ 9).  And while Idaho cites *City of Erie v. Pap's A.M.*, 529 U.S. 277 (2000), in support of its mootness argument, that case proves the opposite of what Idaho would like.  There, the Court found that a live controversy existed "because, to the extent [the plaintiff] has an interest in resuming operations, it has an interest in preserving the judgment" below.  *Id.* at 288.  Here, Lindsay has disclaimed any interest in resuming women's sports—and she therefore has no further interest in this controversy.  Accordingly, the case is moot and should be dismissed.

## CONCLUSION

For the foregoing reasons, this Court should deny Idaho's motion and recognize that Lindsay has properly dismissed her case with prejudice.  In the alternative, the Court should construe Lindsay's dismissal notice as a motion under Rule 41(a)(2), and grant the motion to dismiss with prejudice.

Dated: September 15, 2025                                Respectfully submitted,

                                                         /s/ *Kathleen R. Hartnett*

Paul C. Southwick                                        Kathleen R. Hartnett*
Emily M. Croston                                         COOLEY LLP
AMERICAN CIVIL LIBERTIES UNION                           3 Embarcadero Center, 20th Floor
OF IDAHO FOUNDATION                                      San Francisco, CA 94111-4004
P.O. Box 1897                                            T: (415) 693-2000
Boise, ID 83701                                          F: (415) 693-2222
T: (208) 344-9750                                        khartnett@cooley.com
psouthwick@acluidaho.org
ecroston@acluidaho.org                                   Elizabeth F. Reinhardt*
                                                         COOLEY LLP
James Esseks*                                            500 Boylston Street
Chase Strangio*                                          Boston, MA 02116
AMERICAN CIVIL LIBERTIES UNION                           T: (617) 937-2300
FOUNDATION                                               F: (617) 937-2400
125 Broad St.                                            ereinhardt@cooley.com
New York, NY 10004
T: (212) 549-2569
jesseks@aclu.org
cstrangio@aclu.org

| | |
|---|---|
| Kelly O'Neill<br>LEGAL VOICE<br>P.O. Box 50201<br>Boise, ID 83705<br>T: (208) 649-4942<br>koneill@legalvoice.org<br><br>Selim Aryn Star<br>AMERICAN CIVIL LIBERTIES UNION<br>OF IDAHO FOUNDATION<br>Cooperating Attorney for ACLU<br>of Idaho Foundation<br>219 S. River St., Suite 202<br>Hailey, ID 83333<br>T: (208) 788-9232<br>service.starlawoffice@gmail.com | Katelyn L. Kang*<br>COOLEY LLP<br>55 Hudson Yards<br>New York, NY 10001<br>T: (212) 479-6000<br>F: (212) 479-6275<br>kkang@cooley.com<br><br>*Attorneys for Plaintiffs*<br>*Admitted *pro hac vice* |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 15, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to all counsel registered to receive service through the Court's CM/ECF system.

>  */s/ Kathleen R. Hartnett*
>  Kathleen R. Hartnett