RAÚL R. LABRADOR
ATTORNEY GENERAL

ALAN M. HURST, ISB #12425
Solicitor General
JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense
BRIAN CHURCH, ISB #9391
Lead Deputy Attorney General

Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
alan.hurst@ag.idaho.gov
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov

JOHN J. BURSCH (admitted pro hac)
LINCOLN DAVIS WILSON, ISB #11860
Special Deputy Attorneys General
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
jbursch@adflegal.org
lwilson@adflegal.org

CHRISTOPHER P. SCHANDEVEL
(admitted pro hac)
Alliance Defending Freedom
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
cschandevel@adflegal.org

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDSAY HECOX, <br><br> Plaintiff, <br><br> v. <br><br> BRADLEY LITTLE, et al., <br><br> Defendants. | Case No. 1:20-cv-000184-DCN <br><br> Hon. David C. Nye <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE PURPORTED NOTICE OF DISMISSAL** |

## INTRODUCTION

A party can waive the right to voluntarily dismiss, and Hecox did so here by agreeing to stay all proceedings "while this matter is before the Supreme Court." Dkt.135 at 10. Plus, Hecox fails to overcome the controlling Supreme Court authority under which a dismissal violates the plain meaning of a court-ordered stay of proceedings. The Court should strike the purported dismissal.

## ARGUMENT

### I. Even "absolute" rights are waivable, and Hecox waived them here.

Even accepting Hecox's contention that Rule 41 confers a right to voluntary dismissal in spite of a court order, Hecox waived that right here. "[A]bsent some sort of express enabling clause," the Supreme Court presumes that constitutional and statutory provisions—even "the most fundamental protections afforded by the Constitution"—may be waived "by voluntary agreement of the parties." *United States v. Mezzanatto*, 513 U.S. 196, 200–01 (1995) (collecting cases). That's certainly the case for federal rules of procedure and federal evidentiary rules. *Id.* at 201–02. So it is Hecox's burden to identify "some affirmative basis for concluding" that the voluntary-dismissal rule "depart[s] from the presumption of waivability." *Id.* at 204.

Hecox points to language describing a plaintiff's Rule 41(a) voluntary-dismissal right as "absolute." Dkt.150 at 2 (quoting *Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 n.4 (9th Cir. 2023)); *accord id.* at 1, 4, 6, 8. But that language proves nothing about whether the right is waivable. And for all the cases Hecox cites about the "self-executing nature of a Rule 41(a)(1) dismissal," *Id.* at 3, none of those cases suggests that a plaintiff cannot waive the right to file a voluntary dismissal.

Defendant's Reply in Support of Motion to Strike Purported Notice of Dismissal - 1

If anything, those cases suggest the opposite. For example, *Pedrina*'s observation that the right "may not be extinguished or circumscribed *by adversary or court*," Dkt.150 at 6 (quoting *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993) (emphasis added)), leaves open that *the plaintiff* might agree to waive it. And that's what happened here.

Even outside the specific context of Rule 41, there is broad agreement that rights described as "absolute" can be waived. The Supreme Court has held that a group of mine operators had an "absolute right" to an adversary hearing, which they had "waived by failure to make a request." *Nat'l Indep. Coal Operators' Ass'n v. Kleppe*, 423 U.S. 388, 397 (1976). The Ninth Circuit has concluded "that the Sixth Amendment right to counsel is not absolute once it has been waived," while observing that "four other circuits" have reached the same conclusion. *John-Charles v. California*, 646 F.3d 1243, 1250 (9th Cir. 2011). The First Circuit has interpreted a rule to mean that the "failure to object to [a] magistrate-judge's report within ten days waives [the] absolute right to appeal [a] district court order." *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150–51 (1st Cir. 1994). The Sixth Circuit has observed that the "sixth amendment provides for an absolute right to the assistance of an attorney," but a defendant can "choose to waive his right to counsel." *United States v. Smith*, 907 F.2d 42, 44 (6th Cir. 1990). The Fourth Circuit has noted that a defendant "accused of crime…had an absolute right to counsel, which he validly waived." *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978). The Seventh Circuit has explained that a defendant "voluntarily waived his absolute right to refuse to answer

Defendant's Reply in Support of Motion to Strike Purported Notice of Dismissal - 2

any questions until he consulted a lawyer." *United States v. Skelley*, 501 F.2d 447, 456 (7th Cir. 1974). And the Tenth Circuit has rejected the argument that a defendant "had an absolute right to counsel which could not be waived" given the lack of authority "cited in support of [that] contention." *United States v. Rodgers*, 419 F.2d 1315, 1319 (10th Cir. 1969).

So too here. Applying "familiar principles of waiver," Dkt.150 at 6, Hecox may have an "absolute right" to file a notice of voluntary dismissal—"*unless [that right] has been waived*," *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 942 (9th Cir. 2009) (citation modified). And in the parties' joint request for a stay of these proceedings pending Supreme Court review, Hecox assured this Court that there would be "*no* activity in the district court while this matter is before the Supreme Court," and that "*nothing will happen* in this Court while the stay is in place." Dkt.135 at 9 (emphases added). Having agreed to a stay of all "proceedings" pending Supreme Court review, Hecox waived the right to voluntarily dismiss this case while that stay remains in effect. *Kam-Ko*, 560 F.3d at 942–43 (holding that the plaintiff waived its "right to a jury trial" by indicating in a status report that it did not intend to request one).

Finally, Hecox is wrong to suggest that a plaintiff cannot waive the right to file a voluntary dismissal because Rule 41 does not expressly "require [plaintiffs] to do anything to *preserve* [their] right to dismiss." Dkt.150 at 6. Nor does it matter that the Rule does not contain "exceptions that call for the exercise of judicial discretion." *Id.* at 3 (quoting *Gardiner v. A.H. Robins Co.*, 747 F.2d 1180, 1190 (8th Cir. 1984)).

Defendant's Reply in Support of Motion to Strike Purported Notice of Dismissal - 3

Waiver is allowed unless expressly prohibited—not the other way around. In *Mezzanatto*, the Supreme Court reversed the Ninth Circuit's holding that two rules could not be waived because they were "subject only to two express exceptions, neither of which [said] anything about waiver." 513 U.S. at 200 (citation modified). The Ninth Circuit inferred from the rules' silence on waiver that "Congress must have meant to preclude waiver agreements," but the Supreme Court emphatically disagreed, holding that the "Ninth Circuit's analysis [was] directly contrary to the approach [the Supreme Court had] taken in the context of a broad array of constitutional and statutory provisions." *Id*. "Rather than deeming waiver presumptively unavailable absent some sort of express enabling clause, [the Court] instead [has] adhered to the opposite presumption." *Id*. at 200–01. "[A]bsent some affirmative indication of Congress' intent to preclude waiver," the Court has "presumed that statutory provisions are subject to waiver by voluntary agreement of the parties." *Id*. at 201. So the party claiming that waiver is unavailable "bears the responsibility of identifying some affirmative basis for [so] concluding." *id*. at 204.

Here, Hecox identifies no language in Rule 41 that suggests voluntary dismissal is uniquely immune from waiver, so the presumption is not overcome. Accordingly, Hecox's "agreement to waive" Rule 41's right to file a voluntary dismissal "is valid and enforceable." *Id*. This Court should enforce it by striking the dismissal. *See Kelley v. Comm'r*, 45 F.3d 348, 351 n.5 (9th Cir. 1995) (district courts "retain a limited equitable jurisdiction to enforce [their] orders" while the case is on appeal).

II. **Binding Supreme Court precedent, the parties' expectations, and the plain meaning of this Court's order preclude Hecox from dismissing this case pending Supreme Court review.**

Hecox has no good answer to the controlling authority that shows that a court-ordered stay of all proceedings applies to voluntary dismissals. Rule 41 allows voluntary dismissal without a court order—not *in spite* of a court order staying all "proceedings" in the case. And the Supreme Court has been quite clear both that a dismissal is inconsistent with a stay, *Smith v. Spizzirri*, 601 U.S. 472, 477 (2024), and that a voluntary dismissal qualifies as a "proceeding" under the Rules and may be prevented by a court-ordered stay, *Waetzig v. Halliburton Energy Services, Inc.*, 604 U.S. 305 (2025). Thus, Hecox cannot initiate a new "proceeding" in this case by filing a notice of voluntary dismissal while the stay remains in effect. And even now, Hecox expressly disclaims any request to have the stay lifted. Dkt.150 at 10.

Hecox instead tries to deny the plain meaning both of Hecox's request for a stay pending Supreme Court review and of the Court's order granting one. Dkt.150 at 5, 8–9. First, Hecox says that Idaho's arguments about Hecox's "prior representations regarding the scope of the stay … are both misleading and irrelevant." Dkt.150 at 5. Hecox claims Idaho somehow "implied" Hecox "alone persuaded this Court to enter a stay," even though "both parties agreed to it." *Id.*

But Idaho never said that. Both parties agreed to a stay, and Hecox pushed for a broader stay of *all proceedings* to ensure "*nothing will happen* in this Court while the stay is in place." Dkt.135 at 9 (emphasis added). The fact that Hecox took that position to persuade this Court to reject an attempt to intervene doesn't prove Hecox's "position has not changed." Dkt.150 at 5. Quite the opposite: having obtained a stay

Defendant's Reply in Support of Motion to Strike Purported Notice of Dismissal - 5

that prevented intervenors from filing new proceedings, Hecox "may not thereafter, simply because [Hecox's] interests have changed, assume a contrary position" that would allow Hecox to file Hecox's own new proceedings during the stay. *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation modified).

If Hecox had proposed a stay that allowed a voluntary dismissal, Idaho and the intervenors would not have agreed to it until after filing an answer. Indeed, the original intervenors attached an answer as an exhibit to their motion to intervene, Dkt.30-4, and the new intervenors would have as well, but Hecox stopped them by obtaining a stay of all proceedings. *See* Fed. R. Civ. P. 24(c) (intervention requires a "pleading"). Idaho likewise would have filed an answer to ensure Hecox could not short-circuit Supreme Court review. But Hecox succeeded in precluding those filings. Having gained that "advantage by taking one position," Hecox is estopped from "seeking a second advantage by taking an incompatible position." *Helfand v. Gerson*, 105 F.3d 530, 534 (9th Cir. 1997) (citation omitted).

Next, Hecox says that this Court's order staying *all* "proceedings in this case" pending Supreme Court review, Dkt.137 at 4, doesn't apply because a Rule 41 voluntary dismissal is not a proceeding, Dkt.150 at 4–5, 8–9. Again, that conflicts with the Supreme Court's binding interpretation of the term "proceedings" in *Waetzig*. There, the Supreme Court held that a voluntary dismissal "counts as a 'proceeding' under Rule 60(b)." *Waetzig*, 604 U.S. at 315. That was based on well-established dictionary definitions of "proceeding" showing that the word "encompasses *all* steps in an action, including the filing of papers that are noted on

Defendant's Reply in Support of Motion to Strike Purported Notice of Dismissal - 6

the docket," *id.* at 316, which is all that a notice of dismissal is, *id.* at 318. Hecox says "this case has nothing to do with Rule 60(b)." Dkt.150 at 8. But that's immaterial—*Waetzig* held that the phrase "stay the proceedings" in Rule 41 "encompass[es] all further actions in the case," 604 U.S. at 316, including a voluntary dismissal with or without prejudice, *id.* at 318. Hecox offers no response.

Hecox urges this Court to ignore *Waetzig* and the plain meaning of the term "proceedings," along with Hecox's own statements defining it to include all "activity in the district court." Dkt.135 at 9. Invoking *Hamilton v. Shearson-Lehman American Express, Inc.*, 813 F.2d 1532 (9th Cir. 1987), Hecox says the Court's stay order was "entered against the backdrop of the Ninth Circuit's precedent permitting voluntary dismissals when stays are in place." Dkt.150 at 8; *accord id.* at 3, 5.

But there is no such precedent. Even if *Hamilton* survives *Spizzirri*'s holding that courts *may not* dismiss an action subject to a stay pending arbitration, 601 U.S. at 477, *Hamilton* never considered whether a stay could prevent a dismissal because the parties did not raise that issue. 813 F.2d at 1535 (describing the defendants' only "two arguments," neither of which involved the effect of the stay); *accord Merit Ins. Co. v. Leatherby Ins. Co.*, 581 F.2d 137, 142–43 (7th Cir. 1978) (addressing similar issues, *not* the effect of the stay). Unlike here, the stay in *Hamilton* also did not result from the parties' stipulation, which concerned only the defendants' need to file an answer, 813 F.2d at 1533, so waiver wasn't an issue. And even if *Hamilton* could have held that a stipulated stay of all "proceedings" does not prevent a voluntary dismissal, any such holding would have been overruled by *Waetzig*. *See* 604 U.S. at 699.

Defendant's Reply in Support of Motion to Strike Purported Notice of Dismissal - 7

Finally, Hecox cannot avoid the Third Circuit's holding in *USX Corporation v. Penn Central Corporation*, 130 F.3d 562 (3d Cir. 1997), that a court-ordered stay precludes a voluntary dismissal. Hecox insists that a "primary holding" in that case was that appeals courts "defer to district courts' understandings of their own stay orders." Dkt.150 at 9. But that principle played no role in the Third Circuit's holding that a notice of voluntary dismissal and a motion for summary judgment filed while a stay was in effect were not properly before the district court when it ruled on a *second* notice of dismissal filed *after* the stay had terminated. *USX*, 130 F.3d at 568.

Idaho does not deny that this Court has some discretion to interpret the meaning of its own orders. But Hecox's repeated invocation of that principle only drives home the weakness of Hecox's arguments about what the court's stay order means. Dkt.150 at 8–9 n.2 & 9. The Court should reject Hecox's invitation to abuse its discretion by reading its order inconsistently with binding Supreme Court precedent, Hecox's own statements, and the plain meaning of the order's language.

### III. The stay remains in effect, and this Court should reject Hecox's alternative effort to avoid Supreme Court review.

Hecox argues alternatively that the Court should dismiss the complaint under Rule 41(a)(2). Dkt.150 at 9–11. That request is not presented in a proper cross-motion and should be denied as a matter of course. It should also be rejected because the stay order remains in effect and Hecox has neither moved to lift it, *see* Dkt.150 at 5, nor identified any basis for lifting it before the Supreme Court rules. As argued above, Hecox waived the right to engage in *any* "activity in the district court while this matter is before the Supreme Court." Dkt.135 at 9. And Rule 41(a)(2) would permit

Defendant's Reply in Support of Motion to Strike Purported Notice of Dismissal - 8

dismissal only on terms that prevent prejudice to Idaho. Wright & Miller, 9 Fed. Prac. & Proc. Civ. § 2366 (4th ed.). Those terms may include payment of costs and attorneys' fees and would need to be the subject of separate briefing on a proper motion. *See Andrews v. Am.'s Living Centers, LLC*, 827 F.3d 306, 311 (4th Cir. 2016).

Hecox is also wrong to suggest that it would be "appropriate" to dismiss this case because Hecox has somehow managed to make it moot. *Id.* at 10. To begin with, the Court should not consider Hecox's mootness arguments because they are already being briefed in the Supreme Court—where the matter is *not* stayed—and the Supreme Court will decide the issue. *See Rodriguez v. Cty. Of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (divestiture rule forbids trial court from hearing issues being considered on appeal, to avoid "having the same issues before two courts at the same time") (citation modified). Further, the case is not moot. Like the plaintiff in *City of Erie*, Hecox retains a "concrete stake in the outcome of this case." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 288 (2000). Hecox is still a student attending BSU who, thanks to Ninth Circuit precedent, can still participate in BSU women's sports.

And despite Hecox's disavowal of forum-shopping, Dkt.150 at 4 n.1, a dismissal with prejudice would not stop Hecox from challenging the Fairness in Women's Sports Act in a new suit. The dismissal would have no issue-preclusive effect because the statute's constitutionality would not have been "actually litigated and resolved" by a court. *New Hampshire v. Maine*, 532 U.S. at 748–49; *see also Arizona v. California*, 530 U.S. 392, 414 (2000) (no issue preclusion from judgments entered by "confession, consent, or default"). And claim preclusion would not apply if new facts gave rise to a

new claim—for example, if Hecox tried to play women's sports again, BSU enforced the statute, and Hecox sued for damages. *See Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 328 (1955) (judgment cannot extinguish claims that do not yet exist).[1]

The Supreme Court's "interest in preventing litigants from attempting to manipulate the Court's jurisdiction to insulate a favorable decision from review further counsels against a finding of mootness here." *City of Erie*, 529 U.S. at 288. This Court should not reward such manipulation either.

Finally, even if the Court lifted the stay to allow Hecox to file a new notice of dismissal or motion for a dismissal, that lifting of the stay should be subject to an answer. Proposed intervenors filed a proposed answer with their motion to intervene, which, as first in time, should be deemed filed if the stay is lifted, *see* Dkt. 30-4, along with the proposed answer Idaho has attached here as Exhibit 1.

## CONCLUSION

The Court should strike Hecox's purported notice of voluntary dismissal as void and reject Hecox's alternative request to dismiss this case.

---

[1] Idaho's suspicion that Hecox is trying to avoid an unfavorable ruling from the Supreme Court arises partially from the voluntary dismissal that Hecox's counsel Kathleen Hartnett and James Esseks filed in service of a judge-shopping scheme in a gender-identity case in Alabama. Dkt.147 at 4. Hecox responds that the Alabama court merely "explored" whether forum-shopping had occurred and "found no wrongdoing on the part of [Hartnett and Esseks]." Dkt.150 at 4 n.1.

But that is the opposite of what the Alabama court actually said. It publicly reprimanded three attorneys for forum-shopping and chose not to reprimand Hartnett and Esseks only because it trusted their apologies and decided that "no sanction [was] necessary to prevent [Hartnett and Esseks] from engaging in misconduct in the future." *Boe v. Marshall*, 767 F. Supp. 3d 1226, 1280 (M.D. Ala. 2025); *see also id.* at 1243, 1245, 1249, 1257, 1267–69, 1279–80 (describing Hartnett's and Esseks' involvement in the scheme and the court's response).

Dated: September 22, 2025              Respectfully submitted,

                                                      STATE OF IDAHO
                                                     OFFICE OF THE ATTORNEY GENERAL

                                                     /s/ *Alan M. Hurst*
                                                     Alan M. Hurst
                                                     Solicitor General

                                                     *Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on September 22, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Paul C. Southwick
Emily M. Croston
AMERICAN CIVIL LIBERTIES UNION
OF IDAHO FOUNDATION
psouthwick@acluidaho.org
ecroston@acluidaho.org

Selim Aryn Star
AMERICAN CIVIL LIBERTIES UNION
OF IDAHO FOUNDATION
Cooperating Attorney for ACLU of Idaho Foundation
service.starlawoffice@gmail.com

James Esseks*
Chase Strangio*
AMERICAN CIVIL LIBERTIES FOUNDATION
jesseks@aclu.org
cstrangio@aclu.org

Kathleen Hartnett*
Andrew Barr*
Elizabeth Reinhardt*
Elizabeth Prelogar*
Katelyn Kang*
COOLEY LLP
khartnett@cooley.com
abarr@cooley.com
ereinhardt@cooley.com
kkang@cooley.com
eprelogar@cooley.com

<u>Attorneys for Plaintiffs</u>
*Admitted pro hac vice

Kelly O'Neill
LEGAL VOICE
koneill@legalvoice.org

Dayton Patrick Reed
ADA COUNTY PROSECUTOR'S OFFICE
CIVIL DIVISION
dreed@adacounty.id.gov

Cory Michael Carone
STOEL RIVES LLP
Cory.carone@stoel.com

Roger G. Brooks
Kristen K. Waggoner
Jeffrey A. Shafer
Christiana M. Keifer
Lincoln Davis Wilson
Parker Douglas
ALLIANCE DEFENDING FREEDOM
rbrooks@adflegal.org
kwaggoner@adflegal.org
jshafer@adflegal.org
ckiefer@adflegal.org
lwilson@adflegal.org
pdouglas@adflegal.org

<u>Attorneys for Intervenors</u>

s/ *Alan M. Hurst*

Defendant's Reply in Support of Motion to Strike Purported Notice of Dismissal - 12