# EXHIBIT 1

RAÚL R. LABRADOR
ATTORNEY GENERAL

ALAN M. HURST, ISB #12425
Solicitor General
JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense
BRIAN CHURCH, ISB #9391
Lead Deputy Attorney General

Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
alan.hurst@ag.idaho.gov
james.craig@ag.idaho.gov
brian.church@ag.idaho.gov

JOHN J. BURSCH (admitted pro hac)
LINCOLN DAVIS WILSON, ISB #11860
Special Deputy Attorneys General
Alliance Defending Freedom
440 First Street NW, Suite 600
Washington, DC 20001
jbursch@adflegal.org
lwilson@adflegal.org

CHRISTOPHER P. SCHANDEVEL (admitted
pro hac)
Alliance Defending Freedom
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
cschandevel@adflegal.org

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LINDSAY HECOX, | Case No. 1:20-cv-000184-DCN |
| Plaintiff, | Hon. David C. Nye |
| v. | **DEFENDANTS' ANSWER TO VERIFIED COMPLAINT** |
| BRADLEY LITTLE, et al., | |
| Defendants. | **JURY DEMAND HEREIN** |

## DEFENDANTS' ANSWER TO VERIFIED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12, Defendants respond to the numbered paragraphs in Plaintiffs' Complaint as follows. Subheadings transposed from the Complaint, to the extent construed as allegations, are hereby denied.

## Response to "NATURE OF ACTION"

1.    The allegations in paragraph 1 constitute legal conclusions and general commentary to which no response is required. To the extent a response is deemed necessary, the allegations in paragraph 1 are denied.

2.    Allegations in paragraph 2 regarding H.B. 500 constitute legal conclusions and general commentary to which no response is required. Defendants deny that H.B. 500 was passed with any discriminatory intent toward individuals identifying as transgender or intersex. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2, and they are therefore denied.

3.    Allegations in paragraph 3 regarding H.B. 500 constitute legal conclusions and general commentary to which no response is required. Defendants deny that persons of the male sex are women or girls. Defendants deny the third sentence of paragraph 3. Defendants deny that "unfounded stereotypes and false scientific claims led to the passage of H.B. 500 and are embodied within" H.B. 500. Defendants lack knowledge or information sufficient to form a belief about the truth of reported issues with the administration of prior rules in Idaho and therefore this

allegation is denied. Defendants deny the remainder of the allegations in this paragraph.

4. Allegations in paragraph 4 regarding H.B. 500 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 4 in their entirety.

5. Allegations in paragraph 5 regarding H.B. 500 constitute legal conclusions and general commentary to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 5 in their entirety.

**Response to "PARTIES"**

**Response to "Plaintiffs"**

6. Defendants deny that Lindsay Hecox is an "adult woman." Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 6, including factual changes since the time the Complaint was filed, and they are therefore denied.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, including factual changes since the time the Complaint was filed, and they are therefore denied.

**Response to "Defendants"**

8. Defendants admit that Bradley Little is Governor of the State of Idaho. Allegations in paragraph 8 regarding H.B. 500, the Constitution of Idaho, the Idaho Code, and 42 U.S.C. § 1983, constitute legal conclusions to which no response is

required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 and they are therefore denied.

9.      Defendants admit that Sherri Ybarra was the Superintendent of Public Instruction in Idaho at the time the Complaint was filed. Allegations in paragraph 9 regarding 42 U.S.C. § 1983 constitute legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 9 and they are therefore denied.

10.     Allegations in paragraph 10 regarding H.B. 500, 42 U.S.C. § 1983, and the Idaho Code, constitute legal conclusions to which no response is required. Defendants admit that Idaho's state educational institutions receive Federal financial assistance. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 10 and they are therefore denied.

11.     Defendants admit allegations in paragraph 11.

12.     Defendants admit that Dr. Marlene Tromp was the President of Boise State University at the time the Complaint was filed. Allegations in paragraph 12 regarding 42 U.S.C. § 1983 constitute legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 12 and they are therefore denied.

13.     Defendants admit allegations in paragraph 13.

14.     Defendants admit that Coby Dennis was the superintendent of the Boise School District at the time the Complaint was filed. Allegations in paragraph 14

regarding 42 U.S.C. § 1983 constitute legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 and they are therefore denied.

15.    Allegations in paragraph 15 regarding 42 U.S.C. § 1983 and the Idaho Code constitute legal conclusions to which no response is required. Defendants admit that the Boise School District and Boise High School receive Federal financial assistance. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and they are therefore denied.

16.    Allegations in paragraph 16 regarding 42 U.S.C. § 1983 and the Idaho Code constitute legal conclusions to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and they are therefore denied.

**Response to "JURISDICTION AND VENUE"**

17.    Allegations in paragraph 17 constitute legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Defendants admit that Plaintiffs assert claims under federal law.

18.    Allegations in paragraph 18 constitute legal conclusions to which no response is required. To the extent a response is deemed necessary, Defendants admit that this Court has jurisdiction over this action.

19.    Allegations in paragraph 19 constitute legal conclusions to which no response is required. Defendants admit that a substantial part of the events giving

rise to the alleged claims occurred in the District, and that the institutional defendants exist in the District. Defendants lack knowledge or information sufficient to form a belief about the residence of the individual defendants.

20.    Defendants admit that this Court has authority to enter declaratory judgments and to provide injunctive relief, but deny that such relief is available or proper in this case.

21.    Allegations in paragraph 21 constitute legal conclusions regarding personal jurisdiction to which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 21 and they are therefore denied.

## Response to "FACTUAL ALLEGATIONS"

**Response to "A.    Plaintiffs' Participation in Student Athletics"**

**Response to "Lindsay Hecox"**

22.    Defendants deny that Lindsay Hecox is a woman. Defendants admit that Lindsay Hecox attends Boise State University. Any remaining allegations in this paragraph are denied.

23.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation implied in paragraph 23 and it is therefore denied.

24.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, including factual changes since the time the Complaint was filed, and they are therefore denied.

25.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and they are therefore denied.

26.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 and they are therefore denied.

27.     Defendants deny that a person of the male sex is or can become a woman. Defendants deny that an individual's sex is "assigned at birth," as it is in fact determined at conception. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 27 and they are therefore denied.

28.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29.     Defendants deny that sex is "assigned at birth." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29, including factual changes since the Complaint was filed, and they are therefore denied.

30.     The allegations in paragraph 30 are denied.

31.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and they are therefore denied.

32.     Defendants note that NCAA standards have changed since the Complaint was filed. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and they are therefore denied.

33.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 and they are therefore denied.

34.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and they are therefore denied.

35.    Defendants deny that a person of the male sex is female. Defendants deny that the tests for "biological sex" set out in H.B. 500 would bar a female from competing on a female team in Idaho. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 35 and they are therefore denied.

36.    Defendants deny that it is not an option for a male student to participate on a male sports team. Defendants deny that a person of the male sex is a woman. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36 and they are therefore denied.

37.    Defendants deny that H.B. 500 was introduced and passed to target transgender people for discrimination. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 37 and they are therefore denied.

38.    Defendants deny that H.B. 500 impedes Plaintiff's participation in college athletics, deny that a person of the male sex is a woman, and deny that H.B. 500 would exclude any woman from women's sports competition. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38 and they are therefore denied.

**Response to "Jane Doe"**

39.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, including factual changes since the Complaint was filed, and they are therefore denied.

40.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and they are therefore denied.

41.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and they are therefore denied.

42.     Defendants deny that an individual's sex is "assigned at birth." Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder or the allegations in paragraph 42 and they are therefore denied.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 and they are therefore denied.

44.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 and they are therefore denied.

45.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, including factual changes since the Complaint was filed, and they are therefore denied.

46.     Defendants deny that H.B. 500 has created a system that could be used to bully or harass female athletes. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 46 and they are therefore denied.

47.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and they are therefore denied.

48.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 and they are therefore denied.

49.    Defendants deny that H.B. 500 requires any invasive or uncomfortable tests or any ultrasound test. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 49 and they are therefore denied.

50.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and they are therefore denied.

**Response to "B.    Background of Sex Testing in Sport"**

51.    Defendants deny that H.B. 500 requires any discredited sex verification practices. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 51 and they are therefore denied.

52.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 and they are therefore denied.

53.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 and they are therefore denied.

54.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 and they are therefore denied.

55.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and they are therefore denied.

56.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and they are therefore denied.

**Response to "C.    Current Policies of International Sports Bodies"**

57.    Defendants deny that H.B. 500 requires any discredited, inaccurate, or unethical sex verification practices. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of paragraph 57 and they are therefore denied.

58.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 and they are therefore denied.

59.    Defendants deny that persons of the male sex are women. Defendants admit that, at the time the Complaint was filed, IOC and World Athletics regulations permit men to compete in women's competitions in certain circumstances. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the remainder of paragraph 59 and they are therefore denied.

60.    Defendants admit that paragraph 60 accurately quotes from the document it cites Defendants deny the remainder of the allegation in paragraph 60.

61.    Defendants deny that persons of the male sex are women. Defendants admit that IOC rules in place at the time the Complaint was filed allowed men to compete in women's sports competitions upon proof of their testosterone suppression for a year to a level under 10nMol/L—a level multiple times higher than the normal range of testosterone levels for women. Defendants lack knowledge or information

sufficient to form a belief about the truth of the allegations in the remainder of paragraph 61 and they are therefore denied.

62.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62, including factual changes since the Complaint was filed, and they are therefore denied.

63.    Defendants deny that persons of the male sex are women. The form of the allegations in paragraph 63 are not sufficiently specific to permit certainty as to its claims, and Defendants also lack knowledge or information sufficient to form a belief about the truth of the allegations. The allegations are therefore denied.

64.    Defendants deny the allegations of paragraph 64.

65.    Defendants deny that H.B. 500 would bar competition in women's sports to any woman and deny that H.B. 500's standards are restrictive. The form of the allegations in paragraph 65 are not sufficiently specific to permit certainty as to the remainder of its claims, and they are therefore denied.

**Response to "D.    State and NCAA Policies Prior to H.B. 500"**

66.    Defendants admit that in the United States high school athletics are generally governed by state interscholastic associations.

67.    Defendants deny the allegations of paragraph 67.

68.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and they are therefore denied.

69.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 69 and they are therefore denied.

70.    Defendants deny the allegation of paragraph 70.

71.    Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 71 and they are therefore denied.

72.    Defendants admit that the provision quoted in paragraph 71 does not mention "intersex traits." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 72 and they are therefore denied.

73.    Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 73 and they are therefore denied.

74.    Defendants deny that persons of the male sex are women or girls. Defendants deny that H.B. 500 is out of step with laws in the majority of states. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 74 and they are therefore denied.

75.    Defendants deny that persons of the male sex are women. Defendants admit that the NCAA policy in place at the time the Complaint was filed was adopted in 2011. Defendants deny that the allegations in paragraph 75 represent current NCAA policy. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 75 and they are therefore denied.

76.    Defendants deny that there have been "no reported disturbance to women's sports" as a result of competition of males in women's divisions. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 76 and they are therefore denied.

**Response to "E.    The Enactment of H.B. 500"**

77.    Defendants admit that H.B. 550 was introduced on February 13, 2020, by Rep. Barbara Ehardt. Defendants deny that H.B. 500 would exclude any women or girls from participation in women's sports or was otherwise drafted for the purpose of excluding a particular group.

78.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 78 and they are therefore denied.

79.    The allegations in paragraph 79 constitute legal conclusions and general commentary to which no response is required..

80.    The legislative history speaks for itself and Defendants deny characterizations of the relevant statements that are inconsistent with the official history.

81.    The legislative history speaks for itself and Defendants deny characterizations of the relevant testimony that are inconsistent with the official history.

82.    The legislative history speaks for itself and Defendants deny characterizations that are inconsistent with the official history.

83.     Defendants deny that paragraph 83 accurately characterizes the contents of the referenced letter. Defendants deny that H.B. 500 raises "serious constitutional and other legal concerns due to the disparate treatment and impact that both transgender and intersex athletes would face, as well as the potential privacy intrusion all student-athletes would face."

84.     The legislative history speaks for itself and Defendants deny characterizations of the relevant statements that are inconsistent with the official history.

85.     The legislative history speaks for itself and Defendants deny characterizations that are inconsistent with the official history.

86.     The legislative history speaks for itself and Defendants deny characterizations that are inconsistent with the official history. Defendants deny that the amended version of H.B. 500 excludes any women or girls from women's sports participation. Defendants deny that H.B. 500 requires any "invasive testing." Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 86 and they are therefore denied.

87.     Defendants admit that the paragraph accurately reproduces the text of H.B. 500 as signed into law.

88.     Defendants admit that the text of H.B. 500 leaves latitude to the student and health care provider who undertakes to verify a student's biological sex. The remaining allegations in paragraph 88 are denied.

89.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 and they are therefore denied.

90.     The legislative history speaks for itself and Defendants deny characterizations that are inconsistent with the official history.

91.     Defendants deny that Doriane Lambelet Coleman's work was misleadingly cited in the H.B. 500 legislative findings. Defendants deny that H.B. 500 is out of step with laws in the majority of states. Defendants lack knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in paragraph 91 and they are therefore denied.

92.     Defendants deny that H.B. 500 contains a "number of legal infirmities" that make the law "subject to invalidation in federal court." This allegation refers to communications by prior Idaho Attorneys General, which speak for themselves. To the extent the remaining allegations in paragraph 92 require a response, they are denied.

93.     Defendants admit that Governor Little signed H.B. 500 into law and that it became effective on July 1, 2020.

94.     Paragraph 94 contains legal conclusions to which no response is required. The text of H.B. 500 speaks for itself, as does the content of the court's decision in *F.V. v. Barron*, 286 F. Supp. 3d 1131 (D. Idaho 2018). To the extent a response is deemed necessary, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 and they are therefore denied.

**Response to "F. Transgender Individuals and Appropriate Medical Treatment"**

95.     Defendants deny that "gender identity" is a medical term and otherwise deny that the definition alleged in paragraph 95 constitutes an authoritative or reliable definition of this term.

96.     Defendants deny the allegations in paragraph 96.

97.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 97, particularly because one cannot know and accurately describe what "everyone" experiences, and they are therefore denied.

98.     Defendants deny that the term "biological sex" is imprecise. Defendants further deny that gender identity is a biological attribute, or a feature of sex. Defendants admit that a person's sex is manifest in several different biological attributes and admit that in some circumstances when a person suffers from a disorder of sexual development (DSD) anomalous physical attributes can make discernment of sex more difficult. Due to their imprecision, Defendants deny the remainder of the allegations in this paragraph.

99.     Defendants admit that sex is recognized at birth and customarily recorded on a child's birth certificate in the United States. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 99 and they are therefore denied.

100.     Defendants deny the allegations of paragraph 100.

101.    Defendants deny that the paragraph accurately states the contents of the DSM-V.

102.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 101 regarding gender dysphoria, including the allegations that gender dysphoria causes (rather than coexists with) anxiety, depression, self- harm, and suicidal actions, and therefore denies those allegations.

103.    Defendants admit that suicide rates among those identifying as transgender are far higher than in the popular at large both before and after "social transition" or "gender affirmation." Defendants deny the remainder of the allegations in paragraph 103.

104.    Defendants admit that the advocacy organization World Professional Association for Transgender Health has published what it identifies as standards of care for treating individuals with gender dysphoria but deny that they are widely accepted. Defendants deny that, at the time the Complaint was filed, the Endocrine Society had published standards of care for treating individuals with gender dysphoria. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 104 and they are therefore denied.

105.    As the allegations in paragraph 105 are insufficiently specific to permit a certain conclusion about their meaning, Defendants deny them.

106.    Defendants deny that there are generally accepted standards of care for gender dysphoria. As the remaining allegations in paragraph 106 are insufficiently specific to permit a certain conclusion about their meaning, Defendants deny them.

107.    Defendants deny the allegations in paragraph 107.

108.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 108 that endogenous puberty causes extreme distress for many adolescents who assert a transgender identity, rather than endogenous puberty being a condition or context in which other troubles cause the distress felt by those adolescents. As a result, Defendants deny that allegation. Defendants admit that puberty blocking drugs interfere with endogenous puberty. Defendants deny the remaining allegations in paragraph 108.

109.    Defendants deny that a person of the male sex is a girl. Defendants admit that puberty-blocking drugs interfere with endogenous puberty. Defendants lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 109 and they are therefore denied.

110.    Defendants deny that cross-sex hormone infusions are medically necessary for these purposes. Defendants deny that any person can experience the puberty of the opposite sex by taking cross-sex hormones. Defendants deny that persons of the male sex are girls and deny that persons of the female sex are boys. Defendants admit that it is a standard regimen for boys who wish to have a more feminine physical appearance to take synthetic estrogen while also administering testosterone-suppressing drugs, and that girls who wish to have a more masculine

appearance administer testosterone. Defendants otherwise lack knowledge or information sufficient to form a belief about the remaining allegations in paragraph 110 and they are therefore denied.

111.    Defendants lack knowledge or information about the protocols to which Plaintiffs allude in paragraph 111 sufficient to form a belief about the truth of that allegation and it is therefore denied. Defendants deny that "gender-affirming therapy" is medically necessary.

112.    Defendants admit that hormone therapy may change a person's physical appearance and affect certain bodily systems. Because of the imprecision of the allegation and its uncertain import, Defendants deny the remaining allegations in paragraph 112.

113.    Defendants admit that minors and adults subject themselves to surgeries in hope of approximating the appearances of the opposite sex and to alter hormone production. Defendants admit that persons who identify as transgender do not need surgical treatment to alleviate their dysphoria. Defendants deny the remainder of the allegations in paragraph 113.

**Response to "G.    Intersex Individuals"**

114.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 114 and they are therefore denied.

115.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 115 and they are therefore denied.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 117 and they are therefore denied.

118.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 118 and they are therefore denied.

119.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 119 and they are therefore denied.

120.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 120 and they are therefore denied.

**Response to "H.   H.B. 500 Is Directed at and Harms Only Women and Girls, Including Women and Girls Who are Transgender and Intersex"**

121.    Defendants deny that H.B. 500 bars women and girls from participation in athletic activities for women and girls. Defendants admit that H.B. 500 will preclude males from qualifying to compete in athletic activities for women and girls. Paragraph 121 contains legal conclusions for which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 121 and they are therefore denied.

122.    Defendants deny that H.B. 500 bars any women and girls from participation in athletic activities for women and girls. Defendants deny that H.B. requires any invasive and traumatizing examinations. Paragraph 122 contains legal conclusions for which no response is required. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 122 and they are therefore denied.

123.    Paragraph 123 contains legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 123.

124.    Paragraph 124 contains legal conclusions for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in paragraph 124.

125.    Defendants admit the allegations in paragraph 125.

126.    Defendants deny the allegations of paragraph 126.

127.    Defendants deny that tests mentioned in H.B. 500 are very expensive. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 127 and they are therefore denied.

128.    Defendants deny that H.B. 500 requires disclosure of any private medical information. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 128 and they are therefore denied.

129.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 129 and they are therefore denied.

130.    Defendants deny that H.B. 500 requires the disclosure of results of medical tests to school officials. Defendants admit that H.B. 500 does not impose confidentiality obligations on medical providers or school officials beyond the extensive confidentiality obligations already imposed by state and federal laws.

131.    Defendants deny the allegations of paragraph 131.

132.    Defendants admit that athletics offers a range of benefits to children and young adults. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 132 and they are therefore denied.

133.    Defendants admit the allegations of paragraph 133.

134.    Defendants deny that H.B. 500 bars any women or girls from participation in athletic competition or limits the benefit of athletics for any women or girls, or that H.B. 500 will discourage any participation in athletics.

135.    Defendants deny that persons of the male sex are women or girls. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 135 and they are therefore denied.

136.    Defendants deny the allegations of paragraph 136.

137.    Defendants deny that persons of the male sex are girls or women. Defendants deny the remaining allegations of paragraph 137.

## Response to "CLAIMS FOR RELIEF"

### Response to "COUNT I
### Deprivation of Equal Protection
### U.S. Const. Amend. XIV"

138.    Paragraph 138 merely incorporates Plaintiffs' allegations to which Defendants have already responded and thus requires no response here.

139.    Defendants admit that the allegations in paragraph 139 reflect the Complaint.

140.    Defendants admit that paragraph 140 accurately quotes a portion of the Fourteenth Amendment in paragraph 140. The remainder of paragraph 140 constitutes a legal conclusion as to which no response is required.

141.    Paragraph 141 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in paragraph 141.

142.    Paragraph 142 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in paragraph 142.

143.    Defendants deny the allegations in paragraph 143.

144.    Defendants deny that H.B. 500 requires "invasive testing." The remainder of paragraph 144 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in paragraph 144.

145.    Paragraph 145 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny that persons of the male sex are girls or women. Defendants deny that high school and collegiate athletic competition in Idaho is organized in terms of gender identity and so deny that H.B. 500 excludes any students from athletic competition based on their gender identity. Defendants deny the remaining allegations in paragraph 145.

146.    Defendants deny the allegations in paragraph 146.

147.    Defendants deny the allegations in paragraph 147.

148.    Defendants deny the allegations in paragraph 148.

149.    Defendants deny the allegations in paragraph 149.

150.    Defendants deny the allegations in paragraph 150.

151.    Defendants deny the allegations in paragraph 151.

**Response to "COUNT II**
**Deprivation of Substantive Due Process**
**Infringement Upon Right to Informational Privacy**
**U.S. Const. Amend. XIV"**

152.    Paragraph 152 merely incorporates Plaintiffs' allegations to which Defendants have already responded and thus requires no response here.

153.    Defendants admit that the allegations in paragraph 153 reflect the Complaint.

154.    Paragraph 154 contains legal conclusions for which no response is required.

155.    Paragraph 155 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

156.    Paragraph 156 contains legal conclusions for which no response is required. To the extent an additional response is required, Defendants deny the allegations in this paragraph.

157.    Defendants deny that H.B. 500 requires invasive examinations and deny that H.B. 500 requires any person to turn over sensitive information to government officials. Paragraph 157 contains legal conclusions for which no response

24

is required. To the extent an additional response is required, Defendants deny the allegations in this paragraph.

158.    Paragraph 158 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

159.    Defendants deny that H.B. 500 requires forced disclosure by any person of information including genetic information or information about genital or reproductive anatomy. The additional allegations of Paragraph 159 comprise legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

160.    Paragraph 160 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

161.    Defendants deny that H.B. 500 requires "intrusive and offensive testing" or authorizes disclosure of "sensitive information." The additional allegations of paragraph 161 comprise legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

### Response to "COUNT III
### Unconstitutional Search & Seizure
### U.S. Const. Amend. IV"

162.    Paragraph 162 merely incorporates Plaintiffs' allegations to which Defendants have already responded and thus requires no response here.

163.    Defendants admit that the allegations in paragraph 163 reflect the Complaint.

164.    Defendants admit that paragraph 164 accurately quotes from the Fourth Amendment to the United States Constitution in this paragraph.

165.    Paragraph 165 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

166.    Paragraph 166 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

167.    Paragraph 167 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

168.    Paragraph 168 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

169.    Defendants deny that H.B. 500 requires disclosure of any private medical information. The additional allegations of paragraph 169 comprise legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

170.    Defendants deny the allegations in paragraph 170.

171.    Defendants deny that H.B. 500 requires disclosure to school officials of information about genetics, hormones, or genitals. The additional allegations of paragraph 171 comprise legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

### Response to "COUNT IV
### Violation of Title IX
### 20 U.S.C. § 1681, *et seq*."

172.    Paragraph 172 merely incorporates Plaintiffs' allegations to which Defendants have already responded and thus requires no response here.

173.    Defendants admit that the allegations in paragraph 173 reflect the Complaint.

174.    Defendants admit that Plaintiffs have accurately quoted text from 20 U.S.C. § 1681(a) in paragraph 174.

175.    Paragraph 175 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

176.    Paragraph 176 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the second sentence including because in some circumstances compliance with Title IX may require the separation of sports teams by sex.

177.    Paragraph 177 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

178.    Paragraph 178 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph, except admit that the quoted language appears in H.B. 500.

179.    Defendants deny that H.B. 500 acts to exclude any person from participation in sports and therefore deny the allegations of paragraph 179.

180.    Paragraph 180 contains legal conclusions for which no response is required. Defendants further deny that a person of the male sex is a girl or woman. Defendants deny the remaining allegations in paragraph 180.

181.    Defendants deny the allegations or paragraph 181.

**Response to "COUNT V
Lack of Fair Notice
U.S. Const. Amend. XIV"**

182.    Paragraph 182 merely incorporates Plaintiffs' allegations to which Defendants have already responded, and thus requires no response here.

183.    Defendants admit that the allegations in paragraph 183 reflect the Complaint.

184.    Paragraph 184 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

185.    Paragraph 185 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

186.    Paragraph 186 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

187.    Paragraph  187 contains legal conclusions for which no response is required. To the extent an additional response is deemed necessary, Defendants deny the allegations in this paragraph.

**Response to "ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF"**

Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants may assert the following defenses based on the facts alleged in the action or facts learned in discovery. By stating these defenses, Defendants do not assume any burden of proof not imposed by law. Defendants undertake the burden of proof only for defenses deemed "affirmative" by law, regardless of how the defenses are described below. Defendants reserve their right to assert further defenses that may become apparent during discovery.

1.    Plaintiffs fail to state a claim upon which relief can be granted.

2.    The relief requested by Plaintiffs would violate the rights of women and girls under Title IX, 20 U.S.C. § 1681, *et seq*. and its interpreting regulations.

29

3.    Sovereign immunity bars any judgment or relief against State Defendants sued in their official capacity.

4.    Plaintiffs are not entitled to fees or costs and fail to state a claim for which fees and costs are recoverable.

5.    Plaintiffs' claims are barred, in whole or part, because the relief sought exceeds that authorized by law.

6.    Defendants are entitled to all defenses and immunities available under federal and state constitutional, statutory, and decisional law, including but not limited to any and all affirmative defenses listed in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure.

7.    Defendants reserve the right to plead any and all affirmative defenses not specially raised herein, including those that may arise throughout this litigation.

8.    Plaintiffs' claims are barred, in whole or in part, to the extent their alleged injuries were or are caused by circumstances outside of the State Defendants' control.

9.    Plaintiffs' claims are barred, in whole or in part, because the challenged statute has a rational basis.

10.    Plaintiffs' claims are barred, in whole or in part, because the challenged statute satisfies intermediate scrutiny.

11.    Plaintiffs' facial challenges are barred because they cannot meet their burden to show that there is no set of circumstances under which the challenged

provisions would be valid or that the law cannot be implemented in a constitutional manner.

12.　　Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, waiver, estoppel, ratification, and unclean hands.

13.　　Plaintiffs' claims are barred, in whole or in part, by the doctrine of judicial estoppel.

14.　　Plaintiffs' claims are barred, in whole or in part, because the challenged statute does not classify on the basis of any protected class.

15.　　Plaintiffs' claims are barred, in whole or in part, because any searches occasioned by the challenged laws are reasonable.

16.　　Plaintiffs' claims are barred, in whole on in part, to the extent they do not assert an injury related to those claims.

## RESERVATIONS OF DEFENSES

Defendants incorporate by reference all applicable defenses set forth in the answers of all other defendants. Defendants reserve the right to supplement these defenses with any additional defenses that subsequently become available during discovery or at trial.

## JURY DEMAND

Defendants specifically request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiffs' Complaint, Defendants pray that the Complaint be dismissed, with prejudice.


Dated: September 22, 2025                    Respectfully submitted,

                                            STATE OF IDAHO
                                            OFFICE OF THE ATTORNEY GENERAL


                                            /s/ *Alan M. Hurst*
                                            Alan M. Hurst
                                            Solicitor General

                                            *Attorney for Defendants*